## M. M. GREEN v. JOHN R. FERGUSON ET AL.

### (Case No. 1768.)

1. MARRIED WOMAN — MARITAL RELATIONS.— It would seem that a married woman cannot, even with the consent of her husband, invest her separate funds in a mercantile business and thereby become entitled to the profits arising therefrom as part of her separate estate. Wallace v. Finberg, 46 Tex., 44; Cox v. Miller, 54 Tex., 25, cited and commented on.

2. HUSBAND AND WIFE.— The husband and wife cannot dissolve the *quasi* partnership which the law creates for them in reference to property, pending the marital relation.

3. CONVEYANCE BY HUSBAND TO WIFE.— While the husband may convey property to his wife to reimburse her for appropriating her separate estate either

to himself or for community purposes, or may make to her a gift of his interest in the community property, yet he cannot make a conveyance to his wife of his community interest, which is subject to the payment of community debts, so as to withdraw it from the reach of creditors. The gift passes to her his community interest, but he cannot so contract that the future gains and profits thereof shall be exempt from the payment of community debts existing or which may be afterwards contracted.

4. MARITAL RIGHTS — ASSIGNMENT.— The wife cannot make an assignment which will convey the community property of herself and husband. R. S., 2582.

5. SAME.— Even if a married woman could, under the statute, make a valid assignment of her separate property, yet if, in attempting to do this, she should fail to convey all the property in which she had an interest which was subject to the ·payment of community debts, it would be void as to community creditors.

6. SAME.— The question as to whether a married woman can, under the act of March 24, 1879, make a valid assignment of her separate property, not decided; but *held* that where an assignee of the wife claimed, as against an attaching creditor of the husband, a stock of goods, by virtue of an assignment thereof by the wife, the petition should aver that none of the goods were purchased from profits made in the business after the debt of the attaching creditor accrued.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

Suit by M. M. Green against Ferguson, sheriff of Hopkins county.

The petition alleged that in August, 1879, Wilson A. Green transferred his stock of goods to his wife, S. A. Green, and by the terms of the transfer provided that all the future increase, revenues and profits arising therefrom should be her separate property; that the business was carried on in the name of the wife for over four years thereafter, and during that time liabilities were incurred in the purchase of goods to replenish the stock, amounting to over $10,000; that appellees, Sawyer Bros., were creditors, who had supplied goods for the business, and held the joint obligation of S. A. Green, Wilson A. Green and W. M. Rush for their debt; that S. A. Green assigned all her property to appellant for the benefit of such of her creditors as should consent to accept the same and release her; and that the goods levied upon by appellees were the increase of the original stock transferred to S. A. Green by her husband.

*Leach & Ringer* and *Henderson & Stewart*, for appellant, that the husband may declare an express trust in the wife's favor, giving her the future gains of her property, cited: Cartwright *v.* Hollis, 5 Tex., 152; De Garca *v.* Galvan, 55 Tex., 53; Parker *v.* Nolan, 37 Tex., 85.

That the wife could make the assignment, they cited: Hollis v. Francois, 5 Tex., 195; Sampson v. Williamson, 6 Tex., 102; Shelby v. Burtis, 18 Tex., 644; Rhodes v. Gibbs, 39 Tex., 432.

*Hunter, Putnam & Crawford*, for appellees, cited: Catlin v. Ware, 9 Mass., 213; Lufkin v. Curtis, 13 Mass., 223; Gray v. Mathis, 7 Jones (N. C.), 502; McFarland v. Febiger's Heirs, 7 Ohio (Hammond), 194.

STAYTON, ASSOCIATE JUSTICE.— The appellant claimed the goods which were seized by the sheriff under an attachment which issued in a suit in which Sanger Bros. were plaintiffs and S. A. Green, her husband, Wilson Green, and another, were defendants, under an assignment made for the benefit of her creditors by Mrs. S. A. Green.

The petition in effect alleges that on August 30, 1879, Wilson Green conveyed to his wife, S. A. Green, a stock of goods, together with all future profits, increase and revenue which might arise therefrom in her conduct of a mercantile business, to be carried on with the stock so conveyed; that the conveyance from Green to his wife provided that the goods sold, business to be carried on, and future profits, increase and revenues to be derived therefrom, should be the separate property of his wife.

The business was carried on until October 1, 1883, at which time Mrs. Green made an assignment under the act of 24th of March, 1879, for the benefit of such of her creditors as might elect to take under it, and discharge her from further liability.

The instrument through which the assignment was made, on its face professes to be the act of Mrs. Green, and to convey her property only; it is, however, signed and acknowledged by her husband, whose right and interests it in no manner purports to affect. The appellant qualified as assignee, and was in possession of the goods at the time they were seized.

The petition alleges that the goods seized were the "increase of said original stock of goods, wares and merchandise, transferred to her by her husband, the said Wilson A. Green, on the 30th day of August, 1879;" and it further alleges that the suit instituted by Sanger Bros. October 4, 1883, was against S. A. Green, Wilson A. Green and William Rush, to recover a debt incurred by S. A. Green with Sanger Bros. for goods bought of them in February, 1883, for which debt it was alleged her husband and Rush were only sureties.

It is not alleged that all of the goods which went into the hands of the assignee were not seized, but that a large and valuable por-

tion were, and a statement of the particular goods seized is attached to the petition.

Demurrers were sustained to the petition, and the appellant declining to amend, the cause was dismissed.

The demurrers questioned the sufficiency of the averments in the petition to show that the property seized was the separate property of Mrs. Green prior to the assignment.

Whether, under the laws of this state, even with the consent and agreement of her husband, a married woman may invest her separate funds in a mercantile business and thereby become entitled to the profits and accumulations accruing in such a business as part of her separate estate, has perhaps never been passed upon by this court; but the intimations given in cases, a consideration of the relationship of husband and wife, together with the statutes declaring what shall be considered community property, and what contracts a married woman may make, would seem to lead to the conclusion that she cannot thus engage in trade, and thereby convert into her separate estate that which the law declares shall constitute community property; that husband and wife cannot dissolve the *quasi* partnership which the law creates for them in reference to property.

The powers of married women, under the statutes of this state, to contract are greater than under the common law; yet they are very restricted. " The wife may contract debts for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property." R. S., 2854.

In Wallace *v.* Finberg, 46 Tex., 44, it was said: "If it had been shown by the plaintiffs that goods bought from them were purchased by A. Finberg, or by both A. & L. Finberg, to replenish a stock of goods that were, before said purchase, the separate property of the wife, that would not be benefiting her separate property in the contemplation of our marital rights law, so as to render the wife liable on the notes with the husband given for the goods bought of the plaintiffs. If it would, the wife's separate property could be invested in a stock of goods for trade, and she and her husband could carry on the business of merchandising as a means of increasing her separate property."

In Cox *v.* Miller, 54 Tex., 25, it was contended that by agreement between a husband and wife one-half of the profits of a mercantile business might become the separate property of the wife; this court, however, said: " Such an assumption cannot be maintained. It is directly in conflict with and subversive of the law regulating marital

rights in this state. P. D., 4641–2. It is not pretended that there was a marriage contract between these parties in writing, acknowledged and recorded as required by statute, as must have been the case to give effect to such an agreement, if made at the time of marriage. And certainly no mere agreement or understanding made between them afterwards could change their property rights as husband and wife to that of partners in a mercantile business, or convert community property into separate property of the wife. P. D., 4632–5; id., 2749. . . . What we mean to say is, that by a mere agreement between husband and wife, they cannot change the character and nature of their rights and interests in property owned and acquired by them from that prescribed by law, and thereby relieve it from liability to be taken in satisfaction for the payment of community debts."

If by contract between the husband and wife one-half of that which the law declares shall be community property cannot be made the separate property of the wife, to the prejudice of creditors, it is surely true that the character of the whole fund which the law declares shall be community property cannot be so changed to their prejudice.

That the husband may make a conveyance to the wife to reimburse her for her separate estate used by the community, or by himself, cannot be questioned; and that as between them he may make a gift of the common property in existence, or as it comes into existence, cannot be denied; but it is denied that, by an agreement between the husband and wife, he can surrender all claim to that which the law declares shall be community property, and subject to the payment of community debts, and thereby make it the separate property of the wife and thus withdraw it from the reach of creditors.

If there be no creditors, a husband may bestow upon his wife all the common property they possess; but he cannot contract that the profits arising therefrom in the future, the result of the skill, care and labor of one or both, shall not be liable to the satisfaction of community debts which may have accrued or may afterwards accrue; for the statute makes such a fund liable for such debts.

That the husband, immediately before the purchase of goods from Sanger Bros., might, if it were done openly and in good faith, and not in a manner to deceive the sellers as to the real ownership of the stock then on hand, have conveyed to his wife, even in the way of gift, all the stock then on hand, composed as it may have been in part of the original stock formerly conveyed to his wife and of additions made thereto from profits realized in the course of business

up to that time, we have no doubt; and such specific property, so conveyed, would not have been subject to sale for the debt subsequently contracted with them, which, the wife having no power to contract, must be considered a community debt, as were all debts prior to that time incurred for goods, if incurred with the knowledge and consent of the husband.

It does not appear from the petition that the goods which were seized were not the result of purchases made from profits in the business realized after the indebtedness to Sanger Bros. accrued; and if it were admitted that all the goods on hand at the time the goods from Sanger Bros. were purchased were the separate property of Mrs. Green, the petition for want of such an averment would be bad; for it was incumbent on the plaintiff, the law presuming that all profits made in a business carried on by the husband or wife, or both, are community property, to have averred specifically such facts as would rebut that presumption; the averment that the goods seized were the "increase of said original stock of goods, wares and merchandise," was not sufficient for that purpose.

If a married woman, under the statutes in force in this state, may make a valid assignment of her separate property, it is certainly true that she cannot make an assignment which will pass the common property of herself and husband; for the law declares that such property "during the coverture may be disposed of by the husband only." R. S., 2852.

This being true, the averments of the petition not being sufficient to show that the property attempted to be assigned was the separate property of Mrs. Green, the assignment would be void for want of power in her to make it.

If the property attempted to be assigned was in part separate property, and in part the common property of the marital partnership, then, even if a married woman has power under the statute to make an assignment of her separate property, the assignment would be void, for the reason that it does not pass title to all the property which would be subject to the payment of debts contracted during the marriage.

It is, however, not necessary in this case to determine whether a married woman may make an assignment, even of her separate property, under the act of March 24, 1879; for in the view taken of this case, even if such a power exists, the demurrers were properly sustained, and the judgment is affirmed.

AFFIRMED.