B. W. APPLEBAUM v. BATES, REED & COOLEY.

(No. 2342.)

APPEAL from Bowie County.     Opinion by WILLSON, J.

ESTES & HENRY, counsel for appellant.

TODD & HUDGINS, counsel for appellees.

§ 166. *Married woman; debt created by, in carrying on mercantile business in her own name, is binding on the husband; is not binding on her; case stated.* Appellees sued appellant upon a promissory note executed to them by L. W. Applebaum, the wife of appellant. Appellant pleaded under oath that he did not execute the note, or authorize any one to execute it for him; that his wife, who was a merchant, doing a mercantile business in Miller county, Arkansas, in her own name and in her own separate right, executed said note for goods, etc., purchased by her in carrying on said mercantile business. This plea, upon exceptions made thereto by appellees, was stricken out, and this ruling is assigned as error. *Held:* It was not error to sustain the exceptions to said

205

plea. It alleged facts which showed that appellant was liable upon the note. Under the laws of this state the goods purchased by his wife, and for which the note was executed, and the profits arising from said mercantile business carried on by her, were community property, and said debt was a community debt for which appellant is liable. His liability is the same as that of a partner, and the execution of the note by his wife was, in legal effect, an execution thereof by himself. His wife was not liable on said note, because in this state a married woman cannot become a partner in mercantile business with her husband, or with any one else. [Wallace v. Finberg, 46 Tex. 35; Cox v. Miller, 54 Tex. 25; Blum v. Chancellor, 61 Tex. 437; Green v. Ferguson, 62 Tex. 525; Miller v. Marx & Kempner, 5 Tex. Law Rev. 734; Epperson v. Jones, 6 Tex. Law Rev. 87.]

§ 167. *Lex loci contractus; contract is governed by the law of the place of its performance.* Appellant also pleaded specially, that when his wife executed said note she was doing business as a merchant in her own name, and in her own separate right, in the county of Miller, state of Arkansas, and that he had no interest in said business. That under the statute of Arkansas it was legal and competent for her to carry on said business in her own name and for her own sole and separate use and benefit; that appellees, when they sold her the goods and took said note from her, knew that she was a married woman, and knew that she was carrying on said business in her own name and right, and that by the laws of Arkansas her contracts in the conduct of said business did not bind appellant, and that said contract was made, note executed, and goods delivered, in said Miller county, state of Arkansas. This plea was also stricken out upon exceptions made thereto by appellees, and judgment was rendered in their favor against appellant for the amount of said note, interest and costs. *Held:* It was not error to strike out said plea. The note upon its face, and in express terms, was made payable at Texarkana, Texas.

This express stipulation in the note fixed the place of contract in Texas. In general, the place of the performance of a contract is the place of the contract, and the law of such place governs in the construction and enforcement of such contract. [2 Pars. Con. (7th ed.) bottom pp. 712, 713; Ryan v. R. R. Co. Tex. Law Rev. 17.] The law of Texas, therefore, must control this case, and the plea setting up the statute of Arkansas presented no defense to the action.

October 30, 1886.                    Affirmed.