| 67 | 385 |
| 79 | 359 |
| 67 | 385 |
| 82 | 457 |

No. 2270.

R. H. SEYMOUR *v.* MARK HILL.

1. JURISDICTION — JUDGMENT — INJUNCTION.—While a judgment rendered before a justice of the peace can not be revised in the district court, yet it would seem, under former decisions of the Supreme court, that in a suit brought in the district court by the former defendant in a justice's court to prevent by injunction the collection of the judgment there rendered against him, on the ground of fraud, and because the judgment was dormant, the district court would have power to inquire whether the sum for which the judgment was rendered was still due, and if so to render a judgment against the plaintiff in the injunction suit for the amount.

2. SAME—PRACTICE.—In such a proceeding, when it is shown that the judgment has not been paid, the injunction should be dissolved. The only ground for not issuing execution on a dormant judgment being the legal presumption of its payment, when this presumption ceases, to perpetuate the injunction would be in effect to violate a rule which denies the writ, unless irreparable injury would result from its being refused.

3. CASES DISTINGUISHED from Watson v. Newsham, 17 Texas, 437; North v. Swing, 24 Texas, 193.

APPEAL from Fayette.    Tried below before the Hon. H. Teichmueller.

*Moore, Duncan* and *Meerscheidt,* for appellant, urged that, since the court had obtained jurisdiction for one purpose, it should be retained to do full justice between the parties, citing Stein v. Freiberg, Klein & Co., 64 Texas, 271; Miller v. Gordon, 22 Texas, 241; Witt v. Miller, 25 Texas Supplement, 386; North v. Swing, 24 Texas, 194; Hale v. McComas, 59 Texas, 485.

No brief found on file for appellee.

STAYTON, ASSOCIATE JUSTICE.    This action was brought by the appellee to restrain the enforcement of a judgment rendered

against him in a justice's court in favor of the appellant. He sought relief on the ground that the judgment was obtained by fraud, and upon the further ground that the judgment was dormant. An execution had issued on the judgment, for the first time, more than a year after the judgment was rendered, and under it a bale of cotton had been seized, which by consent of parties was sold and the proceeds were in the hands of the sheriff. The defendant denied that the judgment was obtained by fraud, and gave a history of the transactions between the parties which led to its rendition. He also asked that the judgment rendered in the justice's court be revived, or that he have judgment against the plaintiff for the sum claimed to be due to him on the judgment, which the pleadings of the parties show was seventy-five dollars and twenty-eight cents, with interest thereon at the rate of ten per cent per annum from August 29, 1881.

There was a trial without a jury, and the court found that the judgment complained of was not procured by fraud, but that it was dormant when the execution issued. Whereupon the injunction was perpetuated in so far as it restrained proceedings under the execution, and the defendants were directed to deliver the proceeds of the cotton to the plaintiff.

The judgment in favor of Seymour against Hill having been found by the court to be valid, is conclusive evidence of the indebtedness of the latter to the former. There is no pretense that the judgment has been paid, and the only ground on which the right to enforce it through the execution issued is denied, is that the judgment is dormant.

In North v. Swing, 24 Texas, 194, it was held that an execution issued on a dormant judgment was properly enjoined; but in that case no relief based on the existence of a valid debt was asked, though it was intimated in the opinion that the judgment on which the execution was issued might have been revived in that case.

The judgment rendered by the justice of the peace, on which the execution in favor of Seymour issued, could not have been revived in the district court; but it would seem, under the former decisions of this court, that having jurisdiction of the matter through the application for an injunction, the court had jurisdiction to determine whether the sum for which the judgment was rendered in the justice's court was still due to Seymour, and, if so, to have rendered a judgment in his favor for it. (Stein v. Freiberg, 64 Texas, 273; Hall v. McComas, 59 Texas, 486; Willis

v. Gordon, 22 Texas, 241; Witt v. Kauffman, 25 Texas Supplement, 384; Chambers v. Story, 4 Law Review, 299.

The defendant asked this relief, and it was denied.

This we think was error. When an execution has not been issued upon a judgment within one year after its rendition, such inference of payment arises that the law refuses an execution to enforce it until that inference has been removed. This inference may be removed by a proceeding to revive the judgment if it then appears that it has not been paid, or by an action upon the judgment.

In the case before us it appears that the judgment has not been paid. Money has come into the hands of the sheriff to pay it in part, through an execution voidable; and under this state of facts ought the officer be restrained from paying it over in obedience to the writ which was returnable on the day the injunction in this case was granted? The statute provides that: "No injunction shall be granted to stay any judgment or proceedings at law, except so much of the recovery or cause of action as the complainant in his petition shall show himself equitably entitled to be relieved against, and so much as will cover costs." (Rev. Stat., art. 2874): And that "The principles, practice and procedure governing courts of equity shall govern proceedings in injunctions when the same are not in conflict with the provisions of this title or other law." (Rev. Stat., art. 2898.)

The principles recognized in courts of equity deny an injunction in all cases in which it does not clearly appear that injury will result if the writ be not granted; and in many cases it has been said that to authorize the writ it must appear that the threatened injury would be irreparable. (High on Injunctions, 22.)

Can any such injury result if the writ be refused, when it appears that the party seeking it is indebted to another and the sole purpose of the writ is to prevent or delay the creditor in receiving that which is due to him? We think not.

There is a maxim enforced in equity which declares that he who seeks equity must do equity. If it appears that one justly indebted to another in a sum fixed by judgment, on which, however, an execution ought not to issue, because the judgment is dormant, seeks relief by injunction against an execution issued on such a judgment, it seems to us, where it is shown that the judgment has not been paid, that the injunction ought to be dissolved. (High on Injunctions, 130, 138.)

The sole ground on which an execution on a dormant judgment

is denied, being the inference of payment, it would seem, when this is rebutted, to perpetuate the injunction would be to refuse application to a well settled principle or rule in equity, and to grant the injunction when no legal injury to the applicant can result if it be denied. It is the legal right of the creditor to have his debt, and to have it without delay.

In Watson v. Newsham, 17 Texas, 437, and in North v. Swing, 24 Texas, 193, injunctions were perpetuated restraining executions issued on dormant judgments, but in neither of the cases was there any inquiry made whether the judgments were unpaid, nor was there any relief, based on them, asked.

The judgment will be reversed and remanded, with instructions to the district judge to dissolve the injunction and to render a judgment otherwise in accordance with this opinion, but as the appellant committed at least a technical wrong in suing out the execution, let him be adjudged to pay all the costs incurred in the district court.

It is so ordered.

*Reversed.*

Opinion delivered February 15, 1887.