SHANNON v. HAY et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 4, 1912. Rehearing Denied Feb. 8, 1913.)

1. PLEADING (§ 241*) — PLEADING AMENDMENTS.

Under district court rules 13 and 14 (142 S. W. xviii), providing that an amendment shall be a substitute for the amended pleading, and, unless the substituted instrument be set aside on exceptions, the original pleading shall not be regarded, unless some error of the court in deciding upon the necessity of the amendment be complained of and exception be taken, or unless it be necessary to look to the superseded pleading upon a question of limitation, it is improper to refer in a first amended petition to the original petition for the purpose of making it a part of the amended petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 642; Dec. Dig. § 241.*]

---

**2. VENDOR AND PURCHASER (§ 286*)—VENDOR'S LIEN—FORECLOSURE—INJUNCTION.**

Plaintiff purchased land from one who had given a vendor's lien thereon, and a judgment was obtained on the lien notes against plaintiff's vendor, and the land was advertised for sale, whereupon plaintiff's vendor and the holders of the notes executed an agreement extending the time of payment of the notes, which agreement provided that it was intended to stop further action on the judgment until the maturity of the extended notes, at which time the judgment debtor agreed to pay them. *Held*, that plaintiff could not enjoin the execution of the judgment of foreclosure and require the judgment creditors to sue on the extended notes, and obtain another judgment of foreclosure, as such procedure would merely prolong the ultimate sale of plaintiff's property for payment of the debt, and plaintiff would not suffer any additional injury by a sale under the existing judgment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent.Dig. §§ 808, 809; Dec.Dig. § 286.

**3. EXECUTION (§ 172*)—REMEDIES OF DEBTOR—INJUNCTION.**

Equity will not intervene at the instance of a judgment debtor to stay execution, unless he tenders payment of the amount admitted to be due.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

**4. ACCORD AND SATISFACTION (§ 14*)—FACTS CONSTITUTING.**

Plaintiff purchased land from one who had given a vendor's lien thereon, and a judgment was obtained on the notes against plaintiff's vendor, and the land was advertised for sale, whereupon plaintiff's vendor and the holders of the notes executed an agreement extending time of payment of the note, which provided that it was intended to stop further action on the judgment until the maturity of the extended notes, and that the judgment debtor agreed to pay them at the expiration of the extended time. *Held*, that the holders of the notes were not estopped from levying execution under the judgment, upon nonpayment of the extended notes, on the theory that the agreement constituted an accord and satisfaction of the judgment.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 111–115; Dec. Dig. § 14.*]

**5. INJUNCTION (§ 118*) — ALLEGATIONS — DIRECT ALLEGATIONS.**

An application for an injunction must allege the facts with directness, certainty, and particularity.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

**6. VENDOR AND PURCHASER (§ 286*)—VENDOR'S LIEN—FORECLOSURE—ESTOPPEL.**

The fact that the holders of vendor's lien notes accepted part payment on the notes from the debtor and his grantee after their maturity, as they had been extended, would not estop them from enforcing a judgment of foreclosure previously obtained, since the debtor and his grantee, in making such payment, were merely doing what they were bound to do.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 808, 809; Dec. Dig. § 286.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by Nona Shannon against M. E. Hay and others. From an adverse judgment on demurrer, plaintiff appeals. Affirmed.

Crudgington, Works & Umphres, of Amarillo, and Penix & Eberhart, of Mineral Wells, for appellant. Veale & Davidson, of Amarillo, for appellees.

HALL, J. Appellant, Nona Shannon, a feme sole, instituted this suit against M. E. Hay and others to enjoin the execution of a judgment rendered in favor of M. E. Hay, E. T. Hay, and J. C. McCaustland against Frank Richards. B. F. Brandenburg, as sheriff, was made a party defendant. The material allegations of plaintiff's petition are as follows:

"For cause of action, plaintiff says that she is the owner of section 58, consisting of 640 acres, and the west one-half of section 66, consisting of 320 acres of land, situated in Dallam county, Tex.; that she purchased same from the defendant Frank Richards on the 20th and 23d days of July, 1909; that theretofore, to wit, on or about the 7th day of June, 1909, said Frank Richards and other defendants herein, for valuable consideration paid and to be paid, entered into the following agreement, to wit:

"'The State of Texas, County of Dallam. This contract made and entered into by and between M. E. Hay, J. C. McCaustland and E. T. Hay, of the county of Dallam, state of Texas, party of the first part, and Frank Richards of Palo Pinto county, state of Texas, party of the second part, witnesseth: That whereas the party of the first part is the legal holder and owner of a certain vendor's lien, given by Frank Richards, as set out in a certain deed, dated the 6th day of June, 1907, and recorded in the Deed Records, Book 15, page 328, of Dallam county, in favor of Hay, McCaustland & Hay, upon land conveyed in said instrument of writing, to wit: Section 58 and 66, in block No. 1, M. E. Hay subdivision in Dallam county, Texas, and whereas there is still due and remaining unpaid indebtedness the sum of seventy-four hundred thirty-nine dollars as evidenced by three certain notes, and whereas Frank Richards had paid the interest on said notes up to March 1st, 1909, and whereas suit has been filed and judgment obtained on said notes, order of sale issued, levy made, and said land advertised for sale, and for mutual benefit, the parties hereto being the parties at interest, have agreed to an extension of the time for the payment of the unpaid portion of said indebtedness, which indebtedness is acknowledged and confessed to be just, by the party of the second part, to mature as follows, to wit: Note No. 230, for $2,480.00, time extended to November 1st, 1909; note No. 231, for $2,479.00, time extended to June 1st, 1910; note No. 232, for $2,400.00, time extended to June 1st, 1911. This instrument is also intended to stop further action upon the judgment rendered against the said Frank Richards until the maturity of said notes, and the said party of the second part hereby

agrees to pay the said indebtedness to the party of the first part or the holder thereof at the expiration of said extended time. It is further agreed that all rights, privileges and benefits conferred upon or acquired by the party of the first part, by or through the original beneficiary or grantee is expressly reserved and confessed subject alone to the extension herein granted. In witness whereof the said parties hereto set their hands on this 7th day of June, 1909. M. E. Hay, E. T. Hay, J. C. McCaustland, by Johnson Allen, Agent, Party of the First Part, Frank Richards, Party of the Second Part.'

"The said contract of record in volume 22, p. 299, Deed Records of Dallam county, Tex., the said Frank Richards represented and guaranteed to this plaintiff that said contract was a valid and binding one, and would be carried out by all parties signatories thereto; that the judgment therein mentioned was superseded and done away with by the contract aforesaid, and was of no binding force and effect further, and was invalid so far as the affected land in controversy was concerned; that said judgment was obtained against the said Frank Richards at some date previous to the 7th day of June, 1909, the exact date of which is unknown to this plaintiff; and plaintiff herein alleges that contract aforesaid did abrogate and supersede the judgment aforesaid and rendered same invalid, null, and void, and that the notes mentioned in said contract were extended, which superseded any judgment thereon, if any judgment actually existed.

"The plaintiff says that the defendants, except defendant Richards, were the plaintiffs in said suit either by the names hereinabove given or under the name of the North Texas Land Company, and of this she is not certain. In the event the said suit was brought in the name of the North Texas Land Company, then she says said land company was composed of said defendants Hay and McCaustland; and, in either event, they are the same parties at interest.

"This plaintiff says that on the ——— day of August, 1911, a pretended order of sale or execution—this plaintiff says she is not aware which it was—issued on the pretended or purported judgment aforesaid, in which judgment the said Frank Richards was defendant, and which was purported to foreclose the notes described in the contract aforesaid, and the vendor's lien therein retained upon the above described land, and was on the ——— day of August, 1911, levied upon said section 58, and the west half of section 66, block No. 1, of the M. E. Hay subdivision, Dallam county, and same advertised by the sheriff of said county to be sold on the 3d day of October, 1911, and same will be sold on said date, unless the defendants are restrained from so doing.

"Plaintiff says that she is the owner of said land, and is in no way a party to said judgment, unless it be by virtue of having purchased the land from said Frank Richards since the contract above set out. She says that she assumed the payment of the notes said contract mentioned, but that same has never been foreclosed upon nor suit brought thereon, and that the said defendants are attempting to deprive her of the title to said land without due process of law; that she had paid a large part of said notes. She says that said judgment is invalid and of no effect, and was superseded by the contract aforesaid; that the pretended sale will cast a cloud upon her title, and cause her great expense in clearing her title to said property."

Prior to the trial, appellant filed her first amended original petition, containing the following material allegations:

"Second. Plaintiff is the owner of section 58, block No. 1, of the M. E. Hay subdivision in Dallam county, Tex., as said subdivision is shown in plat recorded in volume 12, p. 474, Deed Records of said Dallam county, consisting of 640 acres of land, and also the west one-half of section 66, in block No. 1, of the M. E. Hay subdivision of Capitol Syndicate leagues 28 and 30, abstract Nos. 307 and 309, Abner Taylor, original grantee, which subdivision is recorded in volume 12, p. 474, Deed Records of Dallam county, Tex., consisting of 320 acres of land, both of said tracts situated in Dallam county, Tex., and which she purchased from defendant Frank Richards on the 20th and 23d days of July, 1909, respectively, by deeds of those dates, duly recorded among the deed records in said Dallam county, Tex., the deed to said section 58 being recorded in Book 25, p. 247, and the deed to said one-half section being recorded in Book 25, p. 256, said Dallam county Deed Records; plaintiff at the dates of said deeds being the wife of C. L. Perry, but since divorced and having her maiden name, Nona Shannon, restored.

"Third. On or about June 7, 1909, Frank Richards and other defendants, except said sheriff, for a valuable consideration, from each to the other passing, entered into a written agreement copied in full in plaintiff's original petition, filed in this cause in the district court of Palo Pinto county, Tex., on October 2, 1911, and in this honorable court on February 14, 1912, which said original petition and copy of said written contract are both here referred to and made a part hereof (said original petition being duly verified by the affidavit of plaintiff herein) for all proper purposes as extending the temporary injunction granted thereon, and not waiving same; and as shown said contract, and for those purposes only, said verified original petition forming the basis for the issuance of writ of injunction as therein prayed for, which is not waived, but specially retained and insisted upon as to said temporary injunction, and which plaintiff seeks to make perpetual upon the grounds therein stated, and upon the grounds herein shown,

that said contract is an accord and satisfaction of all matters between the parties thereto.

"Fourth. Said contract is of record in volume 22, p. 299, Deed Records of Dallam county, Tex., being filed for such recording on June 20, 1909, and the same at the dates of plaintiff's said purchase of said lands, as aforesaid, constituted a part of the record title to said land, except same is not acknowledged or executed in manner and form to bind defendants Hay, McCaustland & Hay. The defendant Frank Richards, at and before plaintiff's said purchase, represented and guaranteed to this plaintiff that said contract was a valid and binding one, and would be carried out by all parties thereto; that the judgment therein mentioned was superseded and done away with by said contract, and was of no binding force or further effect, and was invalid in so far as it affected said lands; that said judgment was, on October 16, 1908, long prior to the date of said contract and agreement, and plaintiff alleges that said contract did abrogate and supersede said judgment and rendered same invalid, null, and void, and that the notes mentioned in said contract were extended, which superseded any judgment thereon, if the same in fact existed. In this connection plaintiff further shows that, if said contract of date June 7, 1909, is of doubtful legal effect or construction, which is not admitted, but denied, yet should it be so held, and in such case plaintiff shows that all parties thereto treated and dealt with said contract as superseding and abrogating said judgment, and by their acts and conduct made plain and definite the construction above claimed thereon by plaintiff; and, as the one to be binding on said parties, defendants, except said Frank Richards and said sheriff, were plaintiffs in the suit out of which said judgment grew, as composing the partnership of Hay, McCaustland & Hay; said parties also operating under the name of the North Texas Land Company, and handling said notes in and under both of said names.

"Fifth. On or about the 30th day of August, 1911, a pretended order of sale was issued on said judgment of date October 16, 1908, notwithstanding the existence of said valid and written contract and agreement above shown in which judgment said Frank Richards was defendant, and which purported to foreclose the notes described in said contract and the vendor's lien therein retained upon the above described land, and also upon the east one-half of said section No. 66, block No. 1, and above referred to, which said pretended order of sale was on the said 30th day of August, 1911, levied upon all of said sections 58 and 66, block No. 1, M. E. Hay subdivision, Dallam county, and was advertised by the sheriff of said county to be sold on the 3d day of October, 1911, when temporary writ of injunction was issued herein on plaintiff's original petition filed as aforesaid, by which said sale was restrained and stopped.

"Sixth. Plaintiff says that she is the owner of said section No. 58 and the west half of said section No. 66, and is and was in no way a party to said judgment, unless and except it is by virtue of having purchased said land from said Frank Richards since the execution and recording of said contract above set out, and under the circumstances and representation as to the effect of said contract aforesaid. Plaintiff assumed the payment of said notes in said contract mentioned, and as extended thereby; but same have never been foreclosed upon nor suit brought thereon as so extended, and that said defendants are attempting to deprive her of the title to said land without due process of law, she having paid a large portion of the purchase price of said land as cash payment, to wit, $4,600 and a large part of said notes; said extension of said notes being a material inducement for her to purchase said lands and which she would not have done but for such extension, the time of payment being of the essence of said contract of purchase, among other payments of said notes, being the following, to wit:

October 30, 1909................. $2,579.20
November 5, 1909.................   204.57
July 29, 1910...................  1,200.00

"She says that said judgment is invalid and of no effect, and was superseded by the contract above set out; that defendants' attempt to sell said land under said judgment is a fraud upon her rights; that said judgment and pretended sale thereunder would cast a cloud upon her title to said land, and loss in depreciating the value of said land, she desiring to sell same, and causes her great expense in clearing her title thereto, and irreparable injury will result to plaintiff, if defendants are permitted to sell said land under said judgment.

"Seventh. Plaintiff shows that defendants having treated said contract and acted upon the same as superseding said judgment and extending said notes as aforesaid, having executed said contract in writing, and the same having been recorded, and defendants by said contract and the conduct and representation of their agents, J. Allen and M. B. Sherwood, and their said conduct and representations and those of their said agents, having held out and represented that said judgment was superseded and said notes extended as aforesaid, and having received said payments under said contract upon said notes after such extension, and as so extended, and having assisted said Richards in inducing plaintiff to buy said land, defendants are now estopped from pursuing said judgment as valid and binding against said land, or causing the same to be sold thereunder, regardless of what legal effect and interpretations the court may place upon said contract as written; and said estoppel

is here specially pleaded against defendants so pursuing 'said judgment or sale thereunder.'

"Ninth. Plaintiff further shows that, at and before the execution of said contract, defendants feared said two sections of land were of insufficient value to pay off and satisfy the full amount of said judgment, if sold under said original order of sale, and furthermore said defendants, who were plaintiffs in said original suit, desired money and not land in satisfaction of said judgment, and that as constituting the 'mutual benefit' mentioned in said contract, and as forming a material inducement for the entering into same by said defendants herein, plaintiffs in said former suit, said contract was made and entered into with a view of affording said Frank Richards an opportunity of paying money in satisfaction of said judgment and the full amount thereof, to avoid and settle a threatened injunction suit on the part of the said Richards to secure said sale to plaintiff; that land would not have brought the full amount of said judgment at sheriff's sale, so plaintiff is informed, and alleges that fact to be, and the remainder would probably never have been 'collected; that as leading up to and forming a portion of said benefit to said plaintiffs in said judgment, and in the pursuance of an agreement to enter into such written contract at a convenient date in the then near future, said Richards paid to said plaintiffs in said former suit about $2,000 on or about the 25th day of March, 1909, to be credited on said indebtedness; that said payment made by said Richards, pending the execution of said first order of sale, was made in contemplation of the execution of said contract and as preparatory thereto; and that he would not have made such payment but for the agreement of plaintiffs, in said former suit, to accept and apply the same to the extension of said notes.

"Wherefore defendants Hay, McCaustland & Hay are estopped from pursuing such sale, and same is here specially pleaded. That plaintiff had no notice of issuance of said order of sale until on or about the said 2d day of October, 1911."

From the judgment sustaining a general demurrer, and upon appellant's failure to amend, dismissing the suit, appellant brings the case here for review.

[1] From the record before us, it appears that appellant filed the original petition first above set out, upon which the writ of injunction was granted; and, before the trial, the first amended petition was filed, in which appellant refers to the original petition and seeks to make the original part of his amended pleading. This is a violation of district court rules Nos. 13 and 14 (142 S. W. xviii), relating to the mode of amending pleadings, and which provide that an amendment shall be a substitute for the pleading amended; and, unless the substituted instrument shall be set aside on exceptions for a departure in pleading or on some other ground, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court, in deciding upon the necessity of the amendment or otherwise in superseding it, be complained of and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation. We are not able to say, from the record, whether the trial court considered both the original and amended petitions in ruling upon the demurrer; but, if he did, he was more generous to appellant than the rules quoted permit. In either event, we think he did not err in sustaining the general demurrer. It will be seen that appellant does not deny that the debt, which she seeks to enjoin, is just and due. She does not controvert the amount claimed to be due, and sets up no act of fraud entitling her to equitable relief.

[2] Briefly stated, her entire contention is that appellees should not be permitted to collect the judgment in the regular way, but should now file suit upon the unpaid notes and obtain another judgment of foreclosure. She sets up no reason why another foreclosure should be required and her property sold under such a judgment. Appellees, in issuing execution, are merely taking a more direct and speedy method of attaining a result which she does not undertake to show they are not entitled to have; and, in this particular, we think her pleadings fail to show that she would suffer any injury by the enforcement of appellees' judgment in the manner attempted by them. Watrous v. Rodgers, 16 Tex. 411; Williams v. Nolan, 58 Tex. 708; McLane v. S. A. National Bank, 68 S. W. 63. It matters not which course the appellees pursued, the appellant will eventually have the debt to pay, or else have her lands subjected to its satisfaction. Her only means of averting this end is to satisfy the judgment. To force appellees to adopt the plan contended for in her pleadings would merely prolong the inevitable without changing the result. In our opinion, there is another proposition which sustains the court in his ruling. Appellant purchased the land after the contract in question had been executed, acknowledged, and placed of record, and it appears from the pleadings that she had both actual and constructive notice of its terms. Notwithstanding the fact that she assumed the payment of the indebtedness evidenced by the judgment mentioned in the contract, she had permitted the debt to mature, under the terms of the contract, without payment.

[3] Equity will never intervene at the instance of a debtor to stay the execution of a judgment on a debt that is due, unless the debtor tenders payment of the amount admitted to be due; and she nowhere makes any tender of any sum in satisfaction of

appellees' claim. Seymour v. Hill, 67 Tex. 387, 3 S. W. 313; Warren v. Kohr; 26 Tex. Civ. App. 331, 64 S. W. 65.

[4] The further contention is made that appellees are estopped to proceed upon the judgment, because the contract, in effect, is a complete release thereof, and constitutes an accord and satisfaction. By reference to the contract above, it will be seen that it contains this stipulation: "This instrument is also intended to stop further action upon the judgment rendered against said Frank Richards until the maturity of said notes and the said party of the second part agrees to pay the said indebtedness to the party of the first part or the holder thereof at the expiration of said extended time." In our opinion, the corollary of this stipulation is that, if the indebtedness is not paid on or before the date to which time of payment has been extended, then the plaintiffs in the judgment would have the right to proceed to collect it in the regular manner. We think this stipulation is plain, when construed in the light of the circumstances surrounding it, and set out in the petition showing that the three notes mentioned in the contract had been merged in a judgment, that execution had been issued thereon, and the property advertised for sale by the sheriff. The two purposes mainly provided for in the contract were to secure an extension of the time of payment by Richards, the defendant in the judgment, and at the same time to preserve to appellees the right to proceed upon the judgment in the event of default, after the time of extension had expired. In this conclusion, we are strengthened by the last paragraph of the contract, which provides that all rights, privileges, and benefits conferred upon or acquired by the party of the first part (appellees), by or through the original beneficiary, are preserved and confessed, subject alone to the extension. While this language is not perfectly clear standing alone, when construed in the light of the surrounding circumstances it evidently means that the judgment for the amount due, the lien, and the foreclosure thereof should be preserved in full force. We are not willing to presume that appellees with the indebtedness evidenced in the highest possible form, would be willing to waive it, and, in lieu thereof, take a simple contract on the part of Richards to pay. To so presume would be doing violence to well-known common sense business methods. In the seventh paragraph of the amended pleading, appellant has endeavored to plead an estoppel; but the allegations are mainly conclusions of law and fact, and inferences drawn by the pleader from facts not stated.

[5] In an application for an injunction, the well-recognized rule is that allegations of fact must be direct, certain, and particular. As pleaded, the court did not err in holding that no estoppel was shown.

[6] The fact that the appellees accepted part payment after the time of the maturity of the debt, as it had been extended, could not be held to be an estoppel since, in making the payments, both Richards and appellant were doing merely the things they were bound to do; and the acceptance of an amount, which the payee was bound by his contract to accept, does not constitute an estoppel.

After a careful review of the entire record, we are of the opinion that the general demurrer should have been sustained, and the judgment is therefore affirmed.