CITY NAT. BANK OF EASTLAND v. KINNEBREW et al.    (No. 8399.)

(Court of Civil Appeals of Texas. Ft. Worth. June 10, 1916. On Motion for Rehearing, Nov. 25, 1916.)

1. EXECUTION ⬅︎172(2)—INJUNCTION—OFFER TO PAY DEBT.

In a suit under Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, to restrain the sale of a wife's separate property under execution against the husband, the husband is only a formal party, and it is not necessary that plaintiffs offer to pay the debt for which the execution was levied.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 524; Dec. Dig. ⬅︎172(2).]

On Motion for Rehearing.

2. HUSBAND AND WIFE ⬅︎266—WIFE'S SEPARATE ESTATE—EVIDENCE—GIFT BY HUSBAND.

In a suit to restrain the sale of a wife's property under execution against the husband, where defendant claimed that the property was the proceeds of a partnership and therefore community property, evidence *held* sufficient to show that the husband had made a gift to the wife of his community interest in the money with which the land was bought, which was valid as against a subsequent creditor under Vernon's Sayles' Ann Civ. St. 1914, art. 3967, providing that a gift is not void as to subsequent creditors though it may be as to prior creditors.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 925–928; Dec. Dig. ⬅︎266.]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

Suit by Mrs. Lizzie Kinnebrew and another against the City National Bank of Eastland to enjoin the sale of property under a levy of execution. From a judgment granting perpetual injunction, defendant appeals. Affirmed, and motion for rehearing denied.

Earl Conner, of Eastland, for appellant. J. R. Stubblefield, of Eastland, for appellees.

DUNKLIN, J. An execution issued on a personal judgment for $136.50 rendered against J. J. Kinnebrew in favor of the City National Bank of Eastland was levied upon a tract of land which was claimed by Mrs. Lizzie Kinnebrew, wife of J. J. Kinnebrew, as her separate property. This suit was instituted by her, joined by her husband, as plaintiff, against the City National Bank of Eastland, the owner of the judgment, and G. H. House, the constable who levied the writ of execution, to enjoin the sale of the property

under said levy. A temporary writ of injunction was issued as prayed for, and later, upon the trial of the case on its merits, the injunction was perpetuated, and from that judgment the defendant bank has prosecuted this appeal.

Mr. and Mrs. Kinnebrew had been married approximately 29 years at the time of the levy of the writ. Prior to her marriage she owned a tract of land which was sold after her marriage for the sum of $2,000 and the proceeds invested in a gin. J. T. Crim was a joint purchaser with Mrs. Kinnebrew of the gin, and at the time of its purchase they entered into a partnership agreement for the operation of the gin, under the firm name of J. T. Crim & Co., by the terms of which Mrs. Kinnebrew and Crim were to share equally the profits arising from the operation. J. J. Kinnebrew assented to that agreement under a further agreement between all of the parties that he should receive a salary of $250 per year for his services in assisting in the operation of the gin, and also such profits as he would be able to realize from the operation of a corn mill which was run as an incident to the gin. It was further agreed by and between Mr. and Mrs. Kinnebrew that all of the profits so realized by Mrs. Kinnebrew should be her separate property, and in compliance with that agreement such profits were deposited to her credit in bank. The land upon which the levy was made in the present suit was paid for out of the profits so realized by Mrs. Kinnebrew during several years' operation of the gin, and the last payment made thereon was on October 17, 1909, while the judgment upon which the writ of execution in the present suit was issued was rendered November 30, 1914. The deed recites a cash consideration of $3,160, paid by Mrs. Kinnebrew out of her sole and separate estate, and the assumption of the payment out of her separate estate of an outstanding indebtedness of $1,000, against the land secured by lien in favor of the Land Mortgage Company of Texas, and the conveyance was to her for her separate use.

No contention is made in the present suit that the debt of J. J. Kinnebrew, which ripened into the judgment upon which the execution was issued, was incurred prior to the last payment made by Mrs. Kinnebrew for the land in controversy. The statement is made in appellee's brief that said judgment was for an indebtedness which accrued during the two years next preceding the filing of the suit on July 13, 1915; but we have been unable to verify the correctness of that statement from the reference given in the brief to the statement of facts.

Appellant has cited many cases, such as Green v. Ferguson, 62 Tex. 525, Miller v. Marx, 65 Tex. 132, and Kellett v. Trice, 95 Tex. 170, 66 S. W. 51, announcing the general rule that the wife is incapable of entering into a legally binding partnership for the conduct of a mercantile business, and thereby acquire in her separate right the profits arising therefrom; and the further rule that the husband and wife cannot by their agreements alter the character given to property by the law as applied to the facts under which it is acquired. Notwithstanding those rules, it is quite evident from the record in the present suit that the acts of J. J. Kinnebrew in depositing the profits arising from the operation of the gin to the credit of his wife in bank, the payment of those profits to the vendor of the land in controversy as a consideration for such deed, and the taking of the deed in his wife's name, stipulating that the title so acquired was for the sole and separate use of his wife, amounted in law, at all events, to a legally binding gift of any community interest he might have had in the funds so paid for the land, and in the land itself. And, in the absence of any showing in the statement of facts that the debt for which the bank's judgment was rendered accrued prior to such gift, the bank can have no right to question the validity of such a gift, even though it should be said, as contended by the appellant, that at the time of such conveyance Kinnebrew owed other debts which he was unable to pay, and that the finding of the jury that he was then solvent is not supported by the evidence. 3 Vernon's Sayles' Texas Civil Statutes, art. 3967.

From the foregoing conclusions it follows that appellant's second, third, fourth, fifth, sixth, seventh, and eighth assignments are overruled; all of said assignments being predicated upon the assumption that Mrs. Kinnebrew's part of the proceeds arising from the operation of the gin and the land purchased therewith necessarily were community property of herself and her husband, and that the prior agreement between her and her husband that the same should become her separate property would have no legal effect to make them so.

[1] By another assignment it is insisted that neither Mrs. Kinnebrew nor her husband could maintain the present suit for the equitable relief by injunction without first offering to pay the judgment upon which the execution was levied. Authorities such as Shannon v. Hay, 153 S. W. 360, and Seymour v. Hill, 67 Tex. 387, 3 S. W. 313, cited in support of that contention, have no application to the present suit. The judgment upon which execution was issued was against J. J. Kinnebrew and was not against Mrs. Lizzie Kinnebrew. J. J. Kinnebrew was the plaintiff in the suit, but he was joined pro forma with his wife, who was really the party in interest, and it is quite clear that she had the right to an injunction to restrain the sale of her separate property to satisfy her husband's debt without offering to pay such debt. Vernon's Sayles' Texas Civil Statutes, art. 4643; City of Brownwood v. Brown Tel-

egraph & Telephone Co., 152 S. W. 713, and authorities there cited.

For the reasons indicated, the judgment is affirmed.

On Motion for Rehearing.

[2] In our opinion upon original hearing we did not intend to hold that the acts of J. J. Kinnebrew in depositing the proceeds arising from the operation of the gin in bank to his wife's credit, and the taking of the deed in his wife's name containing the recital that it was for the separate use of his wife, constituted a gift as a question of law; but we meant only that such acts, in connection with other facts and circumstances in evidence, were sufficient to support a finding of such a gift.

With this correction, the motion for rehearing is overruled.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes