FRANCIS E. DRAKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46804. Promulgated April 26, 1934.

*George S. Atkinson, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined that under the provisions of section 280 of the Revenue Act of 1926 the petitioner is liable for the unpaid taxes of the estate of Mrs. Ivor O'Connor Drake, hereinafter called the taxpayer, for the years 1920 to 1926, inclusive, in the amount of $128,868.35. As to the years 1920 to 1926, inclusive, the petitioner pleads (1) that his liability for such taxes, if any, was barred by the statute of limitations at the date of the deficiency notices; (2) as a general defense, that his alleged liability has been asserted before any final determination of the tax liability of the estate; (3) that the law under which the liability was determined is unconstitutional; (4) that the respondent failed to inform him whether liability for the alleged taxes is in law or at equity and in his notice of deficiency has failed to state the facts upon which his determination is based; (5) that on information and belief all the errors assigned in the proceedings at Docket Nos. 14139, 22308, 34670, and 42625, involving the income taxes of the taxpayer, were actually committed by the respondent and that upon due hearing no taxes were due from such estate for the years covered by the deficiency notice herein; and (6) that he is not a distributee of the estate of Mrs. Ivor O'Connor Drake.

This proceeding was heard in consolidation with proceedings at Docket Nos. 14139, 22308, 34670, 42625, and 49028, and it was stipulated that the entire record should be received, so far as applicable, as if made as to the contentions herein. The parties also filed a stipulation which we accept.

The petitioner and Ivor O'Connor Drake, the decedent involved in the proceedings above enumerated, were married in Paris, France, on September 25, 1918, and lived together as husband and wife in that city and country until the death of Mrs. Drake in September 1928. Petitioner has continuously resided in Paris since 1903, but during all such times has been a citizen of the United States and of the State of Texas.

In her will Mrs. Drake named the petitioner as sole beneficiary. Upon final settlement under the will, as such sole beneficiary, petitioner received cash and other property of the value of $50,717.31.

Some time prior to her death the decedent transferred commercial securities to the petitioner of the value of $173,182.36. In connection with the transfer the parties have stipulated as follows:

More than two years prior to the date of the death of decedent and not in contemplation of death, and while they were man and wife, decedent, Mrs. Ivor O'Connor Drake, and petitioner, Francis E. Drake, entered into a contract under the terms of which petitioner agreed to abandon his business or profession, and to devote his time to the decedent's affairs, and in consideration of this agreement, and the carrying out of same, decedent agreed to

give and did attempt to give and did deliver to petitioner the securities herein-after set out as follows, no part of which has been listed hereinabove. (A list of the securities referred to followed this recital.)

No evidence other than the returns of Ivor O'Connor Drake for the years 1920 to 1926, inclusive, and the several deficiency notices issued by the respondent in relation thereto was introduced in support of the petitioner's contention that the statute of limitations had tolled his liability, if any, for the unpaid Federal income taxes of Mrs. Ivor O'Connor Drake on September 12, 1929. The record shows that the returns of the taxpayer for all the years under review were timely filed and that the deficiency notice in respect of each was mailed by the respondent within the period of limitations applicable or such period extended by properly executed waivers. The notice of the petitioner's liability was mailed on September 12, 1929. At that date appeals as to the liability of the taxpayer for each of the years involved were pending before the Board and in each case the statute of limitations was suspended from the date of the appeal to the date of final determination by the Board and 60 days thereafter. In these circumstances it is clear that the petitioner's liability was timely determined by the respondent.

The contention that section 280 of the Revenue Act of 1926 is unconstitutional has been settled adversely to the plea of the petitioner by the Supreme Court. *Phillips* v. *Commissioner*, 283 U.S. 589.

Inasmuch as the estate of Ivor O'Connor Drake was completely distributed before the final determination of the liabilities asserted with respect thereto had been made, we are of the opinion that the Commissioner properly proceeded against the petitioner as sole distributee prior to the final determination of the taxpayer's deficiencies. If it had been finally determined that no deficiency as to the taxpayer, in fact, existed, then a decision of no liability herein would have been required. On this issue the action of the respondent is approved.

Since the facts show that the petitioner was the sole beneficiary under the will of Mrs. Ivor O'Connor Drake, and that as such beneficiary he received at least $50,717.31, it is obvious that petitioner was a distributee of the estate in question and as such was liable for the unpaid taxes thereon to the extent of the value of the property received therefrom.

Petitioner also attaches some significance to the fact that the respondent's notice of deficiency failed to state whether the liability determined is at law or in equity. As the respondent has acted in exact conformity with the provisions of section 280 of the Revenue Act of 1926, relating to the manner and form of deficiency notices

**478**

thereunder, this contention is without merit. As a further defense the petitioner adopts the general and special issues pleaded by the taxpayer in Dockets 14139, 22308, 34670, 42625, and 49028, all of which were consolidated with this proceeding for hearing. The deficiencies in controversy in such proceedings, having been duly redetermined by the Board, it follows, therefore, that this issue is not now material.

In the light of our conclusions above it remains only to determine the amount of the petitioner's liability, which his counsel argues cannot be in excess of $50,717.31. Respondent contends, however, that additional liability in the amount of $86,591.18 should be determined on the basis of the stipulated facts. He argues that the assets in the value of $173,182.36 transferred to petitioner by his wife represented earnings of a husband during marriage and that as such were the property of the marital community, of which the husband was a member, and, therefore, that one half of this amount belonged to the wife at the date of his death and then passed to the petitioner as the sole beneficiary of his wife's estate. We are of the opinion that the transfer was a gift *inter vivos*, based upon a promise which passed title at once to the petitioner and under the law this made the securities his separate property. *Hanlon* v. *Wheeler* (Tex. Ct. App.), 45 S.W. 821; *Green* v. *Ferguson*, 62 Tex. 525.

The petitioner was a distributee of the estate of Ivor O'Connor Drake, in the amount of $50,717.31, and to that extent is liable for the unpaid Federal taxes thereon for the years 1920 to 1926, inclusive.

Reviewed by the Board.

*Decision will be entered under Rule 50.*