## T. J. EPPERSON ET AL. V. HATTIE JONES ET AL.

(Case No. 2070)

1. HUSBAND AND WIFE—COMMUNITY ESTATE—PROPERTY ACQUIRED BY ONEROUS TITLE DURING MARRIAGE PRESUMABLY COMMUNITY PROPERTY—WIFE'S SEPARATE ESTATE— BURDEN OF PROOF—All property acquired by either the husband or the wife during marriage, by onerous title, is presumed to be community property, and the burden of proving that any portion thus acquired is the separate property of the wife, rests upon the party asserting it.

2. SAME—Where the property has been paid for in money it must be made reasonably clear that this money was derived by the wife in such manner as to constitute it her own separate funds.

3. WIFE'S SEPARATE ESTATE—PROFITS DERIVED FROM AN INVESTMENT THEREOF—COMMUNITY PROPERTY—Profits derived from an investment of the wife's separate estate, are community property. (Citing Cleveland v. Cole, supra.; Braden v. Gose, 57 Tex. 41, and Green v. Ferguson, 62 Tex. 529.)

4. PROPERTY PURCHASED BY WIFE ON CREDIT—COMMUNITY PROPERTY—Property purchased by the wife on credit, becomes community property.

5. WIFE MAY BECOME MERCHANT—HOW BUSINESS CONDUCTED, TO EXEMPT SAME FROM HUSBAND'S DEBTS—The wife may become a merchant, but she must conduct the business with goods which are her separate property, and must not invest the community estate or the credit of her husband in the purchase of goods, if she wishes them to be exempt from her husband's debt. For this reason, she cannot purchase on credit, but must buy for cash only, and be ready to show that the money so used is her separate means.

6. SAME—PROFITS MIXED WITH WIFE'S SEPARATE MEANS—BURDEN OF PROOF—If profits made on sales of the goods be mixed with the wife's separate money used in their purchase, she must be prepared to show how much of her own money entered into the purchase. The burden of proving this is not upon the creditor who seizes the goods for her husband's debts.

APPEAL from Polk. Tried below before the Hon. Edwin Hobby.

This was a suit for both actual and exemplary damages, brought by Hattie Jones, joined by her husband, J. H. Jones, on April 9, 1884, in the district court of Polk county, against T. J. Epperson, sheriff of that county, and Charles Heidenheimer, Jake Stern and D. M. Ehrlich, for the wrongful and malicious levy of an execution in favor of the three last named defendants against the plaintiff, J. H. Jones, and one M. L. Matthews, upon a certain stock of goods, wares and merchandise, alleged to be the separate property of the plaintiff, Hattie Jones.

The petition alleged, in substance, that the plaintiff, Hattie Jones, on April 1, 1884, owned and possessed, in her own name and right, certain goods, wares, merchandise and liquors (itemized in the petition) of the value of $1,600, and also certain revenue licenses of the value of $360; that, on that day, the defendant, Epperson, as the sheriff of Polk county, at the instance and request, and under the direction of his co-defendants, Charles Heidenheimer, Jake Stern and

D. M. Ehrlich, they conspiring and confederating together to bankrupt and injure the plaintiff, Hattie Jones, well knowing that she was the owner, in her own right, and in possession of the property, did, wrongfully and maliciously, and with force and arms, break and enter into her store-house, in the town of Moscow, in Polk county, wherein she kept the property, and did, then and there, unlawfully and maliciously seize and levy upon the stock of goods, wares and merchandise and the licenses, under an execution issued out of the county court of Galveston county, on a judgment rendered in that court, March 21, 1883, in favor of the defendants, Heidenheimer, Stern and Ehrlich, as partners under their firm name of Charles Heidenheimer & Co., against the plaintiff, J. H. Jones, and one M. L. Matthews, for the sum of $419.99, interest and costs; and that the defendant, Epperson, at the instance and request of his co-defendants, subsequently sold, at a great sacrifice, the property and goods thus levied upon, and applied the proceeds to the satisfaction of that judgment. The damages, actual and exemplary, were laid at $9,500.

The defendants, in their answer, admitted the seizure of the property under the writ of execution, except the licenses, but denied that the seizure was made with malice or intent to injure. They also denied that the goods, etc., were the separate property of the plaintiff, Hattie Jones, but averred that they were the community property of her and her husband, J. H. Jones, and that they were of much less value than that alleged in the petition. The cause was tried by a jury, and resulted in a verdict and judgment in favor of Hattie Jones, for the sum of $1,500, actual damages. The defendants appealed. The opinion states such facts as are material to the points decided.

*T. S. Hill, Crosson & Crosson, McLemore & Campbell,* for appellants, that profits arising from the sale of the separate property of the wife, consisting of goods, wares and merchandise, whether controlled and managed by the husband or the wife, or both, or by an agent, are community property and subject to community debts, cited: R. S., arts. 2852, 2854, 3857; Cox v. Miller, 54 Tex. 26, 28; Ezell v. Dodson, 60 Tex. 332; Braden v. Gose, 57 Tex. 41; Wallace v. Finberg, 46 Tex. 35; Green v. Ferguson, 62 Tex., 529; Gilliard v. Chessney, 13 Tex. 337; Ratto v. Holland, 2 W. & W. Cond. Rep., art. 470.

That goods purchased by the wife, on credit, become community property, they cited: Green v. Ferguson, 62 Tex. 529; Heidenheimer Bros. v. McKeen, 63 Tex. 229; R. S., art. 2852.

*Hill & Corry,* for appellees, cited: Marx v. Lange, Lewy & Co., 61

Tex. 547; Miller *v.* Marx & Kempner, 5 Law Rev. (1885), 734; Montgomery *v.* Brown, 1 W. & W. Cond. Rep., sec. 1303; Schneider *v.* Fowler, Id., sec. 856; Hirschell *v.* Blum, 3 Tex. Law Rep. 179.

WILLIE, CHIEF JUSTICE.—The presumption being that all property acquired by either the husband or the wife during marriage, by onerous title, is community estate, the burden of proving that any portion thus acquired is the separate estate of the wife rests upon the party asserting that fact.

Our decisions exact great certainty in making this proof; and, where the property has been paid for in money, it must be made reasonably clear that this money was derived by the wife in such manner as to constitute it her own separate funds.   The evidence in this case shows, with sufficient certainty, that $600 of the purchase money of the original stock of goods with which Mrs. Jones first commenced business, was her separate property, having been given her by her father.   We are not informed as to whether any more money was paid in cash for the stock, and are left to conjecture that the purchase money left unpaid was $690, as the stock remaining on hand after the business had been carried on for a few months was sold for that sum, and this was paid in satisfaction of the balance due upon the purchase money of the goods.   With the proceeds of the sale of this stock the second stock of goods was purchased.   It is so stated by Jones, the husband, who had every opportunity of knowing the fact.   The witness probably meant the proceeds of sales made previously to the final sale, in bulk, to Goodwin ; for the amount realized upon the first sale went to pay the balance due upon the stock.   Admitting this to be true, though it is by no means clear from the evidence, we have a case where the goods with which the wife was doing business were purchased partly for cash and partly on credit, the amount paid in cash not being made to appear with any certainty ; a case where the cash payments were made from the sales of goods, which were themselves only in part the separate property of the wife.   This is apparent from the fact that no more than $600 of the purchase money of the original stock is shown to have been the separate means of the wife, whilst the new stock was worth some $1500, of which only $500 worth was bought on credit.   Adding in the $100 paid for license, we have, therefore, $600 of the wife's separate estate, $500 of property which cannot be classed as such, but presumably community property, entering into the cash payment, and the balance of $500 bought upon credit.   This is putting the case most strongly for the appellees, for the evidence is far from being satisfactory that even $600 of Mrs. Jones' separate means

were used in making the cash payment on the second stock. We leave out of question, altogether, the $200 given her by her father after she commenced business, for it is not shown what became of that money. We also discard all such general statements as that the goods were bought with the separate property of the wife, and that there was no community property of herself and Jones, for these are conclusions of law to which the witnesses could not testify, and which are not justified by the evidence from which they are drawn.

The question upon this state of case is, were the goods the separate property of the wife, or the common property of herself and husband? It is well settled by the decisions of this court, that the profits derived from an investment of the wife's separate estate are community property. Cleveland v. Cole, decided at present term; Braden v. Gose, 57 Tex. 41; Green v. Ferguson, 62 Tex. 529.

In so far, then, as the profits realized from a sale of the original stock of goods entered into the purchase of the new stock, they became community property, and were liable for the debts of the husband.

This court has never made any authoritative ruling, that goods or other property purchased by the wife upon credit, become community estate, but we think that such is the clear intent and meaning of our statutes in relation to marital rights. These statutes provide, in effect, that the wife cannot bind her separate property to the payment of any debt, unless contracted for necessaries furnished herself or children, or for expenses incurred by the wife for her separate property. R. S., art. 2854. The goods purchased were, of course, not necessary for herself or children, and, having been bought as part of a stock with which she proposed to carry on a mercantile business, they were not expenses incurred by the wife for her separate property.

This court held, in the case of Wallace v. Finberg, 46 Tex. 44, that goods bought by the wife to replenish a stock that was, before the purchase, the wife's separate property, were not, in contemplation of our marital rights' law, bought for the benefit of her separate estate. Much less can it be said that the wife's separate estate is benefited by the purchase, originally, of a stock of goods with which she is to trade, for the purpose of making profits. These profits became community property, and cannot, therefore, be said to increase the wife's separate estate to the extent of a single dollar.

The debts thus contracted for the purchase of goods not falling within either of the classes for which the wife can bind her separate property, they cannot be enforced against such property. But they can be enforced against the husband and against the community estate

of the marriage. They are, therefore, his debts. Hence, if we hold that goods bought on credit by the wife are her separate property, we, in effect, decide that goods required to be paid for by the husband, with the community estate, become the separate property of the wife, and are not subject to the debts of the husband. This would be directly in opposition to our marital laws, and the decisions of this court construing them. The property purchased takes immediately the same status and character as that given, or to be given, in exchange for it, and if the one is liable for the husband's debts the other is also.

If there are any exceptions to this rule, the present case is not brought within them. The wife may become a merchant, but she must conduct the business with goods which are her separate property, and must not invest the community estate or the credit of her husband in the purchase of the goods, if she wishes them to be exempt from her husband's debts. For this reason she cannot purchase on credit, but must confine herself to buying for cash only, and be ready to show that the money so used is her separate means. If the profits made upon sales of the goods are mingled with her separate money in the purchase, she must be prepared to show how much of her own money entered into the purchase. The burden of proving this is not upon the creditor who seizes the goods for her husband's debts.

Applying these principles to the present case, we think the plaintiffs below should have shown, with greater certainty, how much of the proceeds of her original stock was used in the purchase of the goods levied on. She should further have more clearly shown how much of these proceeds were her separate property, and how much were profits, or community estate of herself and husband. The court below should not have charged, that goods purchased with profits derived from sales of her first stock were her separate estate, as the well settled law of this court is to the contrary.

We think, further, that in so far as the goods were bought on credit, they were community property, and the court should have so charged in response to the second special instruction asked by the counsel for appellants.

For these errors of the court, the judgment of the court below will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 5, 1886.]