'66 553
76 473
66 553
80 114
66 553
82 135

## KATE SMITH ET AL. v. M. E. BAILEY ET AL.

(Case No. 1954.)

1. MARRIED WOMAN—SEPARATE PROPERTY—PROFITS—The profits of investment of a married woman's separate property are community property. The gross gains arising from a sale of goods bought with the wife's separate property are community property. (Authorities cited.)

2. SAME—INVESTMENT—PROOF—Property of the wife converted into other property does not lose its character, but is still to be regarded as her separate estate. The proof tracing and identifying it in its changed condition must be clear and satisfactory. (Authorities cited.)

3. CREDIT OF THE WIFE—COMMUNITY PROPERTY—Property purchased by the wife on credit for merchandising purposes, is community property. (Following Epperson v. Jones, 65 Tex., 425.)

4. COMMUNITY AND SEPARATE PROPERTY—PRESUMPTION—LIABILITY—Property in the hands of either husband or wife during marriage is presumed to be community property. The burden of proof is upon the wife to remove that presumption by proof of her separate right; and unless she does so her property can be subjected to payment of the husband's debts.

5. MARRIED WOMAN—PARTNERSHIP—The wife cannot be a partner in mercantile business. By contributing her separate means to the capital stock of a partnership, she becomes a creditor of the concern for the amount contributed. (Authorities cited.)

ERROR from Marion. Tried below before the Hon. W. P. McLean. The facts are stated in the opinion.

*Geo. T. Todd*, for plaintiffs in error, cited: Gilliard *v.* Chessney, 13 Tex., 337; Chapman *v.* Allen, 15 Tex., 283; Rose *v.* Hamilton, 11 Tex., 324; Bradford *v.* Johnson, 44 Tex., 382; Wallace *v.* Finberg, 46 Tex., 44; Miller *v.* Marx, 65 Tex., 131; R. S., 1317.

No briefs on file for defendants in error.

WILLIE, CHIEF JUSTICE—The case before us is that of a married woman attempting to do business as a merchant, in the name of her husband, having started with a stock of goods purchased with her

separate means. She replenishes her stock as often as needed with the proceeds of the sale of her goods, without keeping any account of how much of capital and how much of profits were used in making purchases for that purpose. Her purchases are made in her husband's name, and on credit. These things continue for two or three years after her marriage, and at the end of that time, she forms a partnership with another person, she putting in the goods on hand at the time as her contribution to the capital stock of the firm. Shortly thereafter the interest claimed by her in the partnership property is levied on under an execution for a debt of her husband. The question before us is: Was this interest subject to the execution?

Several principles well settled by this court come to our aid in passing upon this question :

First. The profits arising from an investment of a married woman's property become the community estate of herself and husband. Braden *v.* Gase, 57 Tex., 41; Green *v.* Ferguson, 62 Tex., 529; Epperson *v.* Jones, 65 Tex., 425; Cleveland *v.* Cole, 65 Tex., 402.

Hence the gross gains arising from any sales made of the stock, at a price over and above what it cost must be held to constitute part of the community estate of the claimant and J. E. Bailey. Another principle equally well settled is that the wife's separate property may undergo mutations and changes and yet retain its separate character; but the proof to trace and identify it in its changed condition must be clear and satisfactory. Love *v.* Robertson, 7 Tex., 6; Rose *v.* Houston, 11 Tex., 326; Chapman *v.* Allen, 15 Tex., 278; Philipowski *v.* Spencer, 63 Tex., 604.

It is also true that to the extent that the wife's separate means enters into the purchase of other property, the latter is to be treated as her separate estate; and the same rule applies to the community property, and the husband's separate estate. As it is the presumption that property found in the possession of either husband or wife during marriage is community estate, and this presumption must be overcome by satisfactory proof, it follows that without such proof as to how much separate and how much community means were used in the purchase of a stock of goods in the possession of the wife, it cannot be determined that she has any separate interest in them whatever. The burden of proof is upon her to show these facts in rebuttal, and not upon the creditor who seeks to subject the goods to the husband's debts. Epperson *v.* Jones, *supra.*

This was not done in the present case. Mr. and Mrs. Bailey were married in 1877 or 1878. The goods in her store at that time were her separate property. She did business with them from that time on,

selling them in the usual course of trade, and with the proceeds of the goods replenished her stock. From the date of her marriage down to the time when the witness Meeks took charge of the store, a period of about three years, we have not one particle of testimony to show how much of the profits of the business entered into the purchase of goods to keep up the stock. The stock must have gone through many mutations before passing into Meeks' charge. Separate property and profits had been mingled at various times and in varied proportions in the purchase of this and preceding stocks. The presumed community character of this stock was not disproved, and, under the evidence, was subject to the husband's debts. It was a matter of no importance what became of the profits on this stock after Meeks began to sell it. Such profits were gains made upon community estate, and the manner of using them could not affect the character of the capital from which they were derived.

We think, therefore, that if the evidence had stopped here, leaving the goods in the possession of Mrs. Bailey's employee, with a *prima facie* community character stamped on them, which was not disproved by showing how much of Mrs. Bailey's separate means went into their purchase, no other finding would have been justified except that they were subject to the execution. But the evidence went further. Witnesses stated without contradiction that goods to keep up the stock were bought on credit, and that this manner of purchasing continued for years. It was held by this court in Epperson v. Jones, *supra*, that goods purchased by the wife on credit for merchandising purposes become community property. The reasons are fully set forth in the opinion in that case, and it is unnecessary to repeat them. As a portion at least of the goods levied on, or those for which they were substituted, were bought on credit, that much of community property subject to the husband's debts was represented in the stock levied on. The claimant having failed to show how much was thus made common property of herself and husband, the presumption should have prevailed that the entire stock was of this character. The case of Epperson v. Jones had not been decided when this case was heard in the district court, or the eminent judge who presided at the trial would doubtless have enforced its doctrines in submitting the cause to the jury.

But there is still another view of this case. It is now fully established that the wife cannot form a partnership with either her husband or any one else to carry on a mercantile business. Miller v. Marx, 65 Tex., 131; Green v. Ferguson, 62 Tex., 529.

In case her separate property is invested in such a partnership, she becomes a creditor of the concern to the extent of her means thus in-

vested, and not a partner. Admittimg then that the goods which Mrs. Bailey put into the firm of J. E. Bailey & Co. were her separate property, she was not owner of any portion of its assets, but a creditor to the extent of $400, the amount contributed by her to the capital stock. These views lead to a reversal of the cause, and it is ordered that it be reversed and remanded for a new trial according to the principles of this opinion.

REVERSED AND REMANDED.

[Opinion delivered October 29, 1886.]