### No. 2521.

### C. H. JONES *v.* T. J. EPPERSON ET AL.

1. HUSBAND AND WIFE—SEPARATE PROPERTY—BURDEN OF PROOF.— The burden of proof is upon a married woman, who claims as separate property a stock of goods seized for the husband's debt, with which she was doing business as a merchant, to show that she purchased them with cash of her separate means, and if the property made by sales were mingled with her separate money in purchases, to show how much of her separate money she used in buying the goods. If she mingles the gains of the business in replenishing her stock from time to time, and is unable to show how much of her separate means was invested in the goods at the time of the seizure for the debt of the husband, she can not protect them as her separate property.

APPEAL from Polk. Tried below before the Hon. Edwin Hobby.

This suit was instituted on the ninth day of April, 1884, by Mrs. Hattie Jones, joined by her husband, J. H. Jones, plaintiffs, against T. J. Epperson, sheriff of Polk county, and Charles Heid-

enheimer, Jake Stern and D. M. Ehrlich, copartners, composing the mercantile firm of Charles Heidenheimer & Company, of Galveston, for damages growing out of an alleged trespass by the defendants on the first day of April, 1884, by seizing the property alleged to be that of Hattie Jones, described as merchandise and liquors, of the value of one thousand six hundred dollars. Alleging that seizure was made by virtue of an execution in favor of Charles Heidenheimer & Company, against Mathews & Jones, a firm composed of M. L. Mathews and J. H. Jones, issued out of the county court of Galveston county on the twenty-eighth day of March, 1884, for the sum of four hundred and nineteen dollars and forty-nine cents, which was executed by T. J. Epperson, sheriff of Polk county, on the first day of April, 1884, by levying upon the goods, wares, merchandise and liquors set out in plaintiff's petition, and sold in bulk pending suit, under the writ, to Heidenheimer & Company for two hundred and fifty dollars, levied on as the property of J. H. Jones. Verdict for defendant.

*Hill & Corry,* for appellants: Goods bought with the separate money of the wife, when sold and the proceeds reinvested in other goods, this during coverture, whether the sale was on credit or for cash, does not per se render the goods, to the value of original investment, community property; but, on the contrary, as long as the amount of money furnished from the separate estate of the wife remains in the business, and there is enough goods to repay her for that separate money placed in the business by the wife, to that extent the goods to that value found in the business would be the separate property of the wife. Epperson v. Jones, 65 Texas, 425, must be construed by the evidence in that case. There being no fraud, the law of "mingling" does not apply. (Hart v. Ten Eyck, 2 Johns. Ch., 62; Fuller v. Page, 26 Ill., 358; Bryant v. Ware, 30 Me., 295; Stevenson v. Little, 10 Mich., 433; see Ward v. Eyre, 2 Bulstr., 323; Lupton v. White, 15 Ves., Jr., 432.)

*J. M. Crosson,* for appellees.

WILLIE, CHIEF JUSTICE. Mrs. Hattie Jones and her husband, J. H. Jones, brought this suit against T. J. Epperson and the other appellees, to recover damages for an alleged trespass in the seizure and sale under process of a stock of liquors, etc.,

claimed as the property of Mrs. Jones. She alleged that these articles were her separate property, with which she was doing business as a merchant; and they justified under a writ of attachment issued in favor of Charles Heidenheimer, one of the appellees—the appellee Epperson being the sheriff by whom the writ was levied.

The sole question in the case was as to the ownership of the goods—Mrs. Jones claiming them as her separate property, and the appellees alleging that they were the community property of Mrs. Jones and her husband, the defendant in attachment.

Upon the first trial this issue was determined in favor of Mrs. Jones, but upon appeal the judgment was reversed by this court. The evidence showed that the goods were bought partly for cash, the money paid being the separate property of Mrs. Jones, and partly on credit.

On that appeal we held that a wife who was conducting business as a merchant must buy for cash only, and be ready to show that the money so used was her separate means. That if the profits made upon the sales of the goods were mingled with her separate money in the purchase, she must be prepared to show how much of her separate means she used in buying the goods. That the burden of proving this was upon her, and not upon the creditor seizing the goods for the husband's debts. (65 Texas, 429.)

The cause was remanded for a new trial, but before this occurred Mrs. Jones died and the present appellants, her husband and only child, as her heirs, prosecuted the suit. The evidence developed on the second trial seems substantially the same as that introduced upon the first. It was shown that the goods were bought partly for cash and partly on credit, and that the cash payments were made with Mrs. Jones's separate means. She seems to have conducted the business for more than a year before the levy; and whilst the burden of proof was upon those claiming under her to show how much of the goods seized under attachment were her separate property they utterly failed to do so, but left the matter in doubt, and the jury were bound to find that they were all subject to the suit. She had mingled all her purchases together; bought goods from time to time, presumably with the proceeds of such as were sold, as there was no proof to the contrary, and in all respects carried on the business as any other merchant, who buys for cash and credit, and invests the proceeds of the sale of his goods in the replenishment of his

stock. Judgment upon this trial was rendered for the present appellees.

The court below charged the jury in accordance with the opinion of this court in the former decision of this cause, and this charge is the principal error assigned on this appeal. Unless we should overrule our former decision the judgment must necessarily be affirmed. We see no reason for changing our opinion and have repeated it in a case decided since the present was before us in the former appeal.

The grounds urged by appellant's counsel can not avail, as it has been too frequently decided in our State that the profits of the wife's separate estate are community property. The decisions from other States holding a different view can not prevail against the well settled principles of our court. Those cited from Pennsylvania are based upon the peculiar language of a statute different from our own.

The case cited from Pennsylvania holding that a wife may invest her separate property in merchandise and carry on business as a merchant in the same manner as a *femme sole* is based upon a statute in that State, which is different from our own and is no authority under our statute and in direct opposition to our decisions upon the same question. There is no error in the judgment and it is affirmed.

*Affirmed.*

Opinion delivered February 3, 1888.