### BRITTAIN et al. v. O'BANION, Sheriff, et al.
### No. 2295.

Court of Civil Appeals of Texas. Beaumont.
Jan. 9, 1933.

Rehearing Denied Jan. 11, 1933.

Dallas Ivey, of Center, for appellants.

Avery & Wallace, of Center, for appellees.

O'QUINN, J.

About April 19, 1932, an execution issued out of the county court of Galveston county,

Tex., on a judgment in favor of H. Kempner et al., in the sum of $827.30, against T. H. Brittain, was levied by Mrs. Rilla O'Banion, sheriff of Shelby county, Tex., on the alleged interest of T. H. Brittain in a small stock of merchandise at Center, Tex. The store was operated under the style of Boles & Brittain. Mrs. O. L. Brittain, wife of T. H. Brittain, joined pro forma by her husband, filed her petition in the district court of Shelby county, praying for an injunction restraining the further execution of said writ, alleging that her husband, T. H. Brittain, the defendant in execution, had no interest in said merchandise levied upon, but that same was her separate property and not subject to the debts of her said husband. She alleged that for some years she had been an independent trader, doing business in connection with E. P. Boles, as partners; that she nor her partner had any connection whatever with the judgment against her husband, but that her interest in the property levied upon was derived from her separate property received by her through gifts from her relatives. E. P. Boles joined Mrs. Brittain in her petition and application for injunction, alleging that he was in no way connected with the suit in which judgment was rendered against T. H. Brittain, and that he was a partner with Mrs. Brittain in the store of merchandise levied upon, and that to permit the sale of the Brittain interest in the same would ruin and destroy his interest, for in that . creditors of the concern would begin to push him for settlement and cause his business to be destroyed. The matter was set for hearing, and upon trial and full proof the court found the property in controversy to be the community property of T. H. Brittain and his wife, Mrs. O. L. Brittain, and denied the injunction. This appeal is from the judgment denying the injunction.

The evidence shows that Mrs. Brittain received about the sum of $200 from the estate of her mother, and that one of her grown sons gave her $100. This $300 she invested with E. P. Boles in the merchandising venture. This was in 1925, since which time the business has been carried on, selling goods both for cash and on credit. Her husband, T. H. Brittain, worked in the store, and they lived out of the proceeds of the business— they had no other income. The stock of goods was replenished from time to time, buying generally on credit. Some years a profit was made, and others a loss was suffered because of inability to collect accounts for merchandise sold on credit. A number of bills were outstanding for goods purchased on time. It appeared that there was about the same quantity on hand as when business was begun. T. H. Brittain testified that he did not know just what interest, at the time of the trial, his wife owned in the store. He said he did not know what goods in the store his wife's money purchased; that he did not know what

goods there were purchased with earned profit or by the original investment; that the buying and selling had been so intermingled that no part derived from profits could be distinguished from the rest—it was all mingled together. He was asked:

"Q. There is no way in the world, is there, that a person can go down there and take that stock of goods and determine what actually belongs to Mrs. Brittain and what actually belongs to Mr. Boles, and what was bought with profit? A. I don't think so.

"Q. It is all mingled together? A. Yes, sir.

"Q. There is some profit and some of Mrs. Brittain's and some belongs to Mr. Boles, and some belongs to both of them? A. Nobody can tell how it is—it is all mixed up there."

Mr. Boles testified that Mrs. Brittain was his partner—that he had always recognized her as such. He was asked:

"Q. What interest have you in the business, if you can tell? A. I don't know, to tell you the truth, how much I have in it.

"Q. State whether or not the business has ever made any money since you have been there. A. No, it hasn't—I don't think it has.

"Q. You own an uncertain interest in the business? A. Yes, sir.

"Q. Who does the buying? A. I do.

"Q. Who does the managing? A. I do the managing, myself, of the goods.

"Q. You did make some profit down there? A. I expect so, the first few years.

"Q. You took this profit, then, and bought other merchandise? A. Yes, sir.

"Q. When you bought other stuff, Mrs. Brittain didn't hand you the money to pay it with, you bought it on credit? A. Yes, sir.

"Q. You couldn't pick out what Mrs. Brittain's money bought could you? A. No, sir.

"Q. You couldn't pick out what was bought with profit? A. It is all there together, and it was bought and we work there together.

"Q. The stock of goods has changed? A. Yes, sir.

"Q. You run out and buy more? A. Yes, and add to it.

"Q. You buy that on credit? A. Generally, Yes.

"Q. Would you say you turn your stuff several times during the year? A. I suppose we do."

Brittain and Boles were the only witnesses testifying. It appears that Mrs. Brittain put in $300. Boles' interest is not shown, whether more or less than Mrs. Brittain's. It is undisputed that the Brittains lived out of the store—they had no other income. No accounting was had between the partners at the end of any year, or at any time. Both witnesses testified that it was impossible for any one to ascertain just what interest either

partner had in the stock of goods at the time of the trial, or what portion of the goods was bought with profit of prior business; in other words, it was admitted that the original investment, profits, and operations of the business had been so intermingled that it was impossible to ascertain what Mrs. Brittain's interest was, or what portion thereof, if any, represented her original investment, or whether her interest consisted entirely of profits.

■ The facts found by the court are supported by the record, and the judgment denying the injunction was proper. Mrs. Brittain's property having undergone mutations, and having for years been constantly intermingled with like property of another, the burden was upon her to trace with certainty her separate means alleged to have been invested with Boles in the mercantile business, for the property remained her separate property only so long as it could be clearly traced and identified. Rose v. Houston, 11 Tex. 324, 62 Am. Dec. 478; Chapman v. Allen, 15 Tex. 278, 284; Epperson v. Jones, 65 Tex. 425, 429; Id., 69 Tex. 586, 7 S. W. 488; Smith v. Bailey, 66 Tex. 553, 1 S. W. 627. While it is true that the separate property need not be preserved in specie, still it must be susceptible of being clearly traced and identified. Here whatever interest Mrs. Brittain may have had in the stock of goods, according to her husband and her partner, Mr. Boles, it could not be shown whether it consisted partly of the original and partly of the profits derived from the investment, or wholly of profits, which, under the law, could not be separate property; in other words, no one was able to identify her interest in any definite manner. If Mrs. Brittain mingled the profits of her mercantile business in replenishing her stock from time to time, which it is admitted she did, and was unable to show how much of her separate means was invested in the goods at the time of the levying of the execution for the debt of her husband, which was also admitted, then she cannot protect the goods as her separate estate.

■ Moreover, we think it clearly appears that all of Mrs. Brittain's interest in the stock of goods on hand when the execution was levied was in profits from the several years' business, for it is undisputed that her original investment was only $300, and that she and her husband had no other income, and that they lived out of the store during all that time. It has long been settled law that the profits derived from a married woman's separate property in a mercantile business are community property, and as such are subject to the debts of her husband. Epperson v. Jones, 65 Tex. 425; Id., 69 Tex. 586, 589, 7 S. W. 488; Smith v. Bailey, 66 Tex. 553, 1 S. W. 627; 23 Tex. Jur. § 102, p. 125; Id. § 266, p. 304; Spears' Law of Marital Rights in Texas (3d Ed.) §§ 295, 297, and 367.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.