## MYRICK v. CENTRAL TEXAS SECURITIES CORPORATION.

### No. 2049.

Court of Civil Appeals of Texas. Waco.

Dec. 1, 1938.

Myrick & Johnson, of Harlingen, for appellant.

Davis, Jester & Tyson, of Corsicana, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, Central Texas Securities Corporation, as assignee of F. P. McElwrath, a paving contractor, against appellant, John C. Myrick, and Joseph K. Junkin and wife, Lola E. Junkin, to recover for paving done on the street abutting lot 5 and the west half of lot 6 in the city of Harlingen, Texas. The sum claimed was $224.22, with an additional $50 for attorney's fees. A personal judgment for said amount and foreclosure of an assessment paving lien were sought against appellant, who was alleged to be the record owner and actual owner of said land at the time such assessment was levied. A personal judgment against Joseph K. Junkin and a foreclosure on said property against him and his wife, Lola E. Junkin, on a mechanic's lien contract which they had executed to induce said contractor to do such paving were also sought.

Appellant alleged that long prior to the levy of said paving assessment and the execution and delivery of said mechanic's lien contract, he sold said property to said Junkin and executed and delivered a deed conveying the same to him; that Junkin, as consideration therefor, paid a small amount in cash, assumed an outstanding indebtedness secured by lien thereon, and gave appellant his promissory note, payable in installments, for the remainder of the purchase price; that he, joined by his wife, secured said note by deed of trust on said property with power of sale; that he immediately occupied said premises with his family and was so occupying the same at and long prior to said assessment; that said premises were his homestead at that time and that said assessment did not create a valid lien against the same because of such homestead rights; that said attempted mechanic's lien was subordinate to ap-

pellant's vendor's lien and the deed of trust to secure the same; that the trustee in said deed of trust thereafter sold the property because of the default of Junkin in making the payments specified in said note; that appellant became the purchaser at said sale and held said premises free of any claim of lien arising out of said mechanic's lien contract. Further statement of the parties and issues involved herein is not deemed necessary.

A trial before the court resulted in a judgment in favor of appellee against appellant and Junkin personally for the sum or $275.22 and a foreclosure of the assessment lien asserted by appellee against all the defendants. Said judgment of foreclosure declared such lien superior to all other liens on and interests in said property and directed that said judgment be first satisfied out of the proceeds of the sale of the property before any part of such proceeds were paid to any other party to the suit. A judgment foreclosing the mechanic's lien given by Junkin and wife was also rendered and entered. This appeal is prosecuted by Myrick alone.

### Opinion.

The judgment of the trial court is predicated on a finding that appellant Myrick was the owner of said property at the time the paving assessment was levied. This finding is assailed by appropriate assignments of error. The appellee introduced in evidence a contract of sale of said property by Myrick and the purchase of the same by Junkin and wife. Said contract was dated June 24, 1930. By the terms thereof Myrick sold said property to Junkin and his wife for the sum of $6500. It was stated therein that vendees had paid $65 cash, had assumed and agreed to pay an outstanding indebtedness of $2797.46 at the rate of $37.50 per month and had further agreed to pay the vendor Myrick the remainder of the purchase price in the sum of $3702.54 at the rate of $27.50 per month, and that such payments were to be applied first to the discharge of interest at the rate of eight percent per annum and the remainder to the reduction of the principal. It was further stipulated in said contract that a failure on the part of the vendees to make any such payment for ten days after the same fell due should at the option of the vendor cancel said contract and that all payments made thereunder should be forfeited to the vendor as liquidated damages. It was further stipulated therein that when as much as $2000 had been paid on the principal of the indebtedness, the vendor, at the request of the vendees, should deed said property to them and that the remainder of the purchase price should be evidenced by vendor's lien notes. It was further stipulated therein that subject to the rights of tenants then occupying the property, the vendees should have immediate possession and be entitled to all revenues arising therefrom. Said contract was duly acknowledged by all parties before Mary Davies, a notary public of Cameron county, on the 24th day of June, 1930. It does not appear that the same was ever recorded. Appellee also introduced in evidence the paving certificate sued on. The same recited that the assessment was levied on the 7th day of October, 1930, and that appellant was the owner of the property against which the same was levied. Appellee also introduced a mechanic's lien contract executed by Junkin and wife to said paving contractor. Said instrument was dated December 1, 1930. It was recited therein that Junkin and wife were the owners of said property and that in consideration of the improvement of the street in front of the same, they would pay the stipulated price therefor, and granted an express contract lien on said property to secure such payment. Said instrument was duly recorded on the 15th day of December, 1930.

Appellant introduced in evidence a vendor's lien note executed by Junkin and wife to him. Said note was for the sum of $3637.54, was dated June 24, 1930, and payable in monthly installments of $27.50 each. It was recited therein that it was given in part payment for said property which had been that day conveyed by appellant to Junkin and wife; that a vendor's lien to secure the same had been retained in such conveyance and was there acknowledged and that a deed of trust had that day been given for the benefit of the holder of said note. It was stipulated therein that a failure to pay such note or any installment thereon should, at the election of the holder, mature the same and that the vendor's lien and deed of trust lien aforesaid either or both should then become subject to foreclosure. Payments amounting in the aggregate to $570 were endorsed thereon. A deed of trust to secure said note, bearing even date there-

with, was also introduced in evidence by appellant. It was acknowledged by Junkin and wife on June 26, 1930, two days later than the acknowledgment of the contract of sale and purchase as aforesaid. Appellant also introduced a deed to him from the trustee named in said deed of trust, reciting that he had sold said property on the 7th day of June, 1932, for default in the payment of the note which it was given to secure, and that appellant became the purchaser at said sale. The testimony showed without contradiction that Junkin moved onto the property almost immediately after he purchased the same and occupied it with his family as a home from that time until long after the paving assessment was levied and the mechanic's lien contract executed and delivered.

The testimony the substance of which has been hereinbefore recited shows without contradiction that appellant executed and delivered a deed to said property to Junkin and wife. Such testimony was corroborated by the production of the note and deed of trust in evidence and the recitals in said note. Both said instruments were inconsistent with the theory that the original contract of sale and purchase in evidence constituted the final agreement between the parties. According to such contract, a failure to pay any monthly installment required thereby authorized appellant to cancel the same and to retain all payments theretofore made as liquidated damages. Junkin would, in such event, have been discharged from any and all obligation to make further payments on the purchase price. When $2000 had been paid by Junkin, a deed to him was to be executed by appellant and he in return was to execute notes for the remainder of the purchase price then owing by him to appellant. The note introduced in evidence was for the entire amount to be paid by Junkin. It purported to be executed for value received and bound Junkin unconditionally to pay the entire amount of said purchase price. A lien was acknowledged and granted thereon on the property to secure such payment. The deed of trust in evidence purported to convey and warrant the title to the property to the trustee and authorized him to convey such title to the purchaser at any sale made thereunder. Should the proceeds of any such sale be insufficient to satisfy said note in full, the unpaid portion could be enforced by suit, judgment and execution.

Appellant was of course an interested witness, but we can not agree, as contended by appellee, that the testimony of Junkin disclosed any bias in favor of appellant nor any interest on his part in a finding in appellant's favor on the point at issue. On the contrary, a personal judgment against appellant and a foreclosure of the assessment lien against the property, which at the time of the trial admittedly belonged to appellant, might have inured indirectly to the benefit of said Junkin. Such judgment and foreclosure were actually rendered, and were the same, sustained on appeal, would afford appellee a means of promptly satisfying such recovery out of the property upon which it was adjudged to have a superior lien, without requiring it to satisfy such demand by levy upon his property subject to execution, if any, on the personal judgment against him on his mechanic's lien contract. But even if both appellant and appellee could be held to be interested witnesses, it does not follow that a finding contrary to their undisputed, uncontradicted and corroborated testimony should be sustained. Heiner v. Homeland Realty Co., Tex.Civ.App., 100 S.W.2d 793, 795, par. 5, and authorities there cited; Great Southern Life Ins. Co. v. Dorough, Tex.Civ.App., 100 S.W.2d 772, 775, pars. 2 and 3, and authorities there cited; Koenig v. Marti, Tex.Civ.App., 103 S.W.2d 1023, 1030, par. 10; Bibby v. Bibby, Tex.Civ.App., 114 S.W.2d 284, 287, par. 10; Homestead Building & Loan Ass'n v. Youngblood, Tex.Civ.App., 111 S.W.2d 827, 828, par. 1; L. E. Whitham & Co. v. Allen, Tex.Civ.App., 64 S.W.2d 1024, 1025, par. 5; Taylor-Link Oil Co. v. Anderson, Tex.Civ.App., 92 S.W.2d 499, par. 3; Westchester Fire Ins. Co. of New York v. Cannon, Tex.Civ.App., 79 S.W.2d 920, 923, par. 6; Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W.2d 921, 926, par. 21.

The judgment of the trial court so far as the same awards appellee personal judgment against appellant and the foreclosure of any lien on said property is here reversed and the cause as to such issues is remanded for another trial.

GEORGE, J., took no part in the consideration and disposition of this appeal.