**BIGGS et al. v. HINDS et al.**

**No. 5584.**

Court of Civil Appeals of Texas. Amarillo.

Dec. 20, 1943.

Rehearing Denied Jan. 21, 1944.

H. H. Cooper, of Amarillo, for appellants.

K. H. Dally, of Borger, and Curtis Douglass, of Pampa, for appellees.

PITTS, Chief Justice.

This suit was filed on February 9, 1943 by appellants, Lillian B. Biggs, joined by her husband, E. R. Biggs, against appellees, Clem Hinds and G. H. Kyle, Sheriff of Gray County, Texas, to restrain appellees from selling under execution certain property hereinafter described, claimed by Lillian B. Biggs as her separate property, to satisfy a judgment previously recovered by Clem Hinds against E. R. Biggs and for a final judgment decreeing said property to be the separate property of Lillian B. Biggs and to decree same free from such incumbrances as appellees are claiming.

The case was heard without a jury by the trial court who had previously granted a temporary injunction but who on this final hearing dissolved and set same aside and rendered judgment on August 17, 1943 for appellees, denying the relief prayed for by appellants and authorizing appellees to sell the property in question but continued the injunction in force upon the execution of a satisfactory supersedeas bond by appellants during the appeal which was perfected by appellants to this court.

Appellants alleged that Lillian B. Biggs was the owner in fee simple title of an undivided 1/80 interest in and to all of the oil, gas and other minerals under 160 acres of land located in Gray County, Texas, known as Morse "A" Lease and being SE ¼ of Section 3 in Block 26, H. & G. N. Ry. Co. Survey; the same interest under 160 acres located in the same county and state know as Morse "B" Lease and being SW¼ of Section 2 in Block 26, H. & G. N. Ry. Co. Survey; an undivided 1/32 interest in all of the oil, gas and other minerals under 80 acres of land located in the same county and state known as Gething "A" Lease and being N½ of the NE¼ of Section 14 in Block A-9, H. & G. N. Ry. Co. Survey; and an undivided 1/8 interest in all of the oil, gas and other minerals under 320 acres of land located in the same county and state, being the E½ of Section 177 in Block B-2, H. & G. N. Ry. Co. Survey; and an undivided 1/8 interest in all of the oil, gas and other minerals under 320 acres of land located in the same county and state being E½ of Section 176 in Block B-2, H. & G. N. Ry. Co. Survey; that she has been the owner of said property since 1926; that said property has

been levied upon by G. H. Kyle, Sheriff of Gray County, by virtue of an execution issued out of the District Court of Hutchinson County in Cause No. 3846 wherein Clem Hinds recovered a judgment against E. R. Biggs on the 25th day of March, 1942 for $4,814.94, together with costs in the sum of $100.06, with interest thereon, and caused the same to be recorded, abstracted and indexed as a lien on said property located in Gray County, Texas; that the properties in question were shown upon the records of Gray County to be in the name of E. R. Biggs, who actually had no equitable title to any of same but who held all of same in trust for his wife, Lillian B. Biggs; that prior to her marriage to E. R. Biggs, her half brother, Theodore W. Barhydt, Jr., held all of her property for her under a trust agreement and contract; that after her marriage to E. R. Biggs she granted a power of attorney to her said husband on or about March 31, 1921 and turned over to him to manage for her certain separate property of her own that consisted of money and stocks and bonds of the total value of more than $100,000; that E. R. Biggs purchased the said property involved in this case for her with a part of her said money; that in 1932 or 1933 E. R. Biggs became financially involved and Lillian B. Biggs requested him to transfer said property to her; that in 1941 E. R. Biggs advised her that said property had been conveyed to her by him and the deed recorded; that she relied upon his statements but found in November, 1942 that he had failed to place such deed of record; that the abstract of judgment lien and execution heretofore mentioned constituted a cloud upon her title to said property; that an execution has been levied upon said property and same would be sold unless enjoined and she prayed for the relief hereinabove mentioned.

On July 10, 1943 appellants filed a trial amendment alleging that on September 21, 1942 E. R. Biggs was served with a citation in Cause No. 7167 styled Clem Hinds vs. E. R. Biggs, pending in the District Court of Gray County, Texas, in which suit Clem Hinds sought to foreclose a judgment lien on the same property involved in this suit; that on November 2, 1943 E. R. Biggs filed his answer in said cause alleging that he was not the owner of said property; that although the record title to said property was in his name he was the trustee and agent for his wife, Lillian B.

Biggs; that Clem Hinds took a non-suit in said suit on or about January 25, 1943 and that Clem Hinds has had actual notice of the claim of Lillian B. Biggs since November 2, 1942 and had such notice at the time he levied the execution mentioned in this cause.

Appellees levelled a number of exceptions at appellants' pleadings and answered further with a sworn general denial and alleged further that if E. R. Biggs deeded the property involved in this case to his wife, Lillian B. Biggs, in the year 1940 he did so without any consideration passing and that same was done for the purpose of hindering, delaying and defrauding the creditors of E. R. Biggs, and especially appellant, Clem Hinds; that if said deed were executed it was secretly held and never recorded, during which time Lillian B. Biggs exercised no control over the property in question but E. R. Biggs continued to manage and treat said property as his own; that E. R. Biggs has no other property out of which the aforesaid judgment and execution can be satisfied; that Lillian B. Biggs had actual notice of all the facts alleged by appellees and that the relief prayed for by appellants be denied and that the deed of conveyance of the property in question be decreed fraudulent, void and of no force and effect.

At the request of appellants the trial court filed his findings of fact, which in effect are as follows: that E. R. Biggs came into possession in 1921 and 1922 of money and other property of the total value of more than $100,000 belonging to and being the separate property of his wife, Lillian B. Biggs, immediately after their marriage; that at said time E. R. Biggs was possessed of a separate estate in excess of the value of $50,000, most of which was invested in the Biggs Investment Company, a corporation; that the Biggs Investment Company was a corporation with E. R. Biggs president and Lillian B. Biggs secretary and treasurer, and they were the principal stockholders and investors; that the separate property of Lillian B. Biggs was deposited with the funds of the said Biggs Investment Company, a corporation, and that all of her said separate estate not otherwise disposed of was mixed and mingled with the separate property of E. R. Biggs, the community property of E. R. Biggs and wife, Lillan B. Biggs, and the funds of the Biggs Investment Company prior to the time of the purchase of the royalty interest and property involved in this suit and that said separate property of the said Lillian B. Biggs had become so mixed and mingled with the other said funds at said time that same could not be identified as the separate property of the said Lillian B. Biggs; that E. R. Biggs purchased all the property in question with funds belonging to the account of Biggs Investment Company, a corporation, and the title of said property was taken in the name of E. R. Biggs; that on January 25, 1943 Clem Hinds placed in the hands of G. H. Kyle, Sheriff of Gray County, an execution issued out of the District Court of Hutchinson County, Texas, in Cause No. 3846 to satisfy a judgment in the sum of $4,814.94, with $100.06 costs of suit, and that the said G. H. Kyle on said date levied on all of said property involved in this suit and that Clem Hinds had notice on November 2, 1942 that Lillian B. Biggs was claiming the said property in question, to all of which findings appellants excepted but made no request for further or different findings.

The trial court concluded as a matter of law that appellants have failed to establish either legal or equitable title to the property in question in Lillian B. Biggs but that said property is the property of E. R. Biggs or the community estate of E. R. Biggs and wife, Lillian B. Biggs, to which conclusions appellants excepted.

Appellants complain in several points or assignments of error that the trial court erred in holding that the equitable title to the property in question was not vested in Lillian B. Biggs as her separate property and that she was not the equitable owner of said property from the time of its purchase by reason of its being held in trust for her use and benefit by E. R. Biggs; in holding that the property in question was community property of E. R. Biggs and Lillian B. Biggs; in holding that the deed executed by E. R. Biggs on May 1, 1940 conveying said property to Lillian B. Biggs was void and not valid, binding and sufficient to vest the legal and equitable title of the property in question in Lillian B. Biggs; and in holding that the appellants failed to discharge the burden of proof in this case. All of the said points or assignments of error are resisted by appellees who contend that the trial court rendered a proper judgment.

Much of the evidence is documentary. Oral testimony was given only by E. R.

Biggs, Lillian B. Biggs and K. H. Dally, who is the attorney for appellees, and who testified at the request of appellants only on the issue of notice to Clem Hinds of the claim of Lillian B. Biggs to the property in question.

Appellants contend, in effect, that as a matter of law the trial court is bound by the testimony of E. R. Biggs and wife, Lillian B. Biggs, even though they are parties to the suit and therefore interested, since their testimony is clear, direct, positive, free from contradictions and inconsistencies and there are no circumstances to cast any suspicion upon it, while appellees claim the testimony of appellants is contradictory, inconsistent, uncertain and that there are numerous circumstances that cast suspicion upon their testimony and that the trial court was fully authorized and warranted in disregarding any or all of the testimony of appellants and finding that they failed to discharge the burden of proof.

In the recent case of Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908, the Supreme Court, in an opinion written by Judge Critz, says in part: " * * * It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury (In the instant case by the trial court since there was no jury). But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., Tex.Civ.App., 96 S.W.2d 788, and numerous authorities there cited."

In the case of Chapman, Commissioner of Insurance and Banking, v. First Nat. Bank of Sipe Springs et al., Tex.Civ. App., 275 S.W. 498, 501, we find the following rule: " * * * It is also well settled that the finding of the trial judge on an issue of fact, where a jury is waived, will be upheld, unless it is manifestly erroneous, and that to authorize a reversal it is not sufficient that the evidence will admit of a different conclusion from that which the court arrived at. Bird v. Pace, 26 Tex. [487], 488, and many other authorities could be cited."

The record discloses that E. R. Biggs testified in part and in effect as follows: that the Biggs Investment Company, a corporation, was organized prior to his marriage on June 29, 1920 to Lillian B. Biggs and that she had no stock in same until after the said marriage; that his wife, Lillian Gardner Barhydt Biggs, executed a power of attorney and turned her separate property over to him on March 31, 1921; that he sold a number of her stocks and bonds for cash and deposited all of Lillian B. Biggs' separate money in the Amarillo Bank & Trust Company in the name of Biggs Investment Company, a corporation, together with his separate funds and the funds of said Biggs Investment Company, and kept her account on a separate ledger; that he bought the property involved in this case out of his wife's separate money in 1926, 1927 or 1928 but paid for it with checks drawn on Biggs Investment Company account yet he did not know exactly how much he paid for said property; that he, his said wife and his son and daughter were the sole owners of the Biggs Investment Company and the business was run more or less as a family affair at the time he bought the property in question; that he owned $50,000, his wife $50,000, his son and daughter $100 each of said stock; that he was the president and his said wife was the secretary-treasurer of the Biggs Investment Company, Inc.; that the said corporation had no meetings of its board of directors and no minutes were made showing the purchase of the property in question; that the annual income of Lillian B. Biggs from 1920 through 1928, consisting of her salary, interest, dividends and profits on investments, amounted to approximately $6,500 to $8,500 and it was all deposited in the bank to the credit of Biggs Investment Company, together with the separate funds of herself, her said husband and their community funds; that her salary was $125 per month and his salary was $300 per month, all of which was deposited to the credit of Biggs Investment Company; that Lillian B. Biggs had on deposit in the account of Biggs Investment Company $10,000, or more, at the time of the purchase of the property in question; that said $10,000, or more, came from the sale of properties or from interest or from profits on sales and dividends from stocks and royalties but

he could not tell definitely where any of that particular money came from; that Biggs Investment Company, a corporation, had $25,000 or $30,000 as an average daily balance of its own at the time the property in question was bought; that he deposited all of Lillian B. Biggs' money and other money in the account of Biggs Investment Company subject to being checked out and he did check it out as he might have seen fit; that he was solvent until 1932 and worth $100,000 and his said wife was worth more than $100,000; that he could not give any valid reason why he took the property in question in his own name for her when it was purchased since they were both solvent at the time; that he deeded the property in question to his said wife on May 1, 1940 but due to oversight and to the fact that the deed got lost the said deed was not put of record for some time and until after the suit was filed by Mr. Dally; that he became insolvent in 1934 or 1935 and has been insolvent ever since then; that he borrowed $5,000 or $6,000 in 1938; that he filed a financial statement in September, 1938 with the Amarillo Production Company listing his debts and stating that he had notes and accounts valued at $10,-000, livestock valued at $2,000, implements and equipment valued at $3,000, land in cultivation valued at $64,000 and oil royalties valued at $5,000; that on August 12, 1939 he filed another financial statement with the same company which showed that he owned oil royalties of the value of $5,-000, among other property; that on September 26, 1940 he filed another financial statement and listed among other property oil royalties of the value of $5,000; that on March 29, 1941 he filed another financial statement and listed among other property oil royalties of the value of $5,000; that on March 31, 1942 he filed another financial statement listing oil royalties of the value of $5,000; that on December 16, 1942 he filed another financial statement listing property of the total value of $67,-945, less liabilities in the total sum of $30,-871, but no oil royalty was listed in the last financial statement; that he signed his name, "E. R. Biggs," to each of said financial statements; that the said statements do not show he was acting for his wife but the management of the Amarillo Production Company knew he was acting for her since he put up her property and she joined in the execution of a deed of trust.

Lillian B. Biggs testified corroborating E. R. Biggs as to her interest in the Biggs Investment Company, a corporation, her separate property, the power of attorney, her annual income and the deposit of the funds, but that she did not know what money bought the property involved in this case except what E. R. Biggs told her; that she knew E. R. Biggs became insolvent in 1934 and in 1940 she asked him to transfer the property involved in this case to her name and he later told her he had done so but she did not know the deed of conveyance had not been recorded until November, 1942; and that the reason she wanted said property transferred to her name was because E. R. Biggs had become insolvent.

The record discloses that E. R. Biggs had not rendered a written statement to Lillian B. Biggs showing the condition of her estate since 1921 or 1922; that no ledger sheet and no cancelled checks were presented at the trial to support the claims of appellants; that E. R. Biggs testified by deposition taken on December 31, 1942 and signed by him on January 21, 1943 to the effect that he owned one-half of the oil royalties in Sections 176 and 177, Block B-2, H. & G. N. Ry. Co. Survey in Gray County, Texas, the same being a part of the property involved in this case, and that his said wife owned the other one-half of the same; that he explained his former statement in the deposition as a witness at the trial of this case by saying he had then forgotten executing the deed on May 1, 1940 conveying the property to his wife in payment for losses she sustained in the Biggs Investment Company. The record further discloses that E. R. Biggs answered on November 6, 1942 in the cause of 7167, Gray County District Court, Clem Hinds v. E. R. Biggs, alleging that the title to the same property involved in this case was legally vested in him but that the same was not beneficially owned by him, but that he was a mere trustee holding the same for his wife, Lillian B. Biggs, who intervened in the said case on November 27, 1942 and made the same claim, but the same parties as appellants in the instant case, in their original petition filed on February 9, 1943, alleged that Lillian B. Biggs was the owner in fee simple title of all the lands and premises in question and had been the owner since 1926.

■■ Our Supreme Court has held that profits from the wife's separate estate are community property (Jones et al. v. Epperson et al., 69 Tex. 586, 7 S.W. 488), and

in the instant case it appears that the wife's annual income, consisting of her salary, interest, dividends and profits on investments amounting to $6,500 to $8,500, had been deposited from 1920 through 1928, together with her separate estate, her husband's separate estate and community estate and the funds of the Biggs Investment Company all in one checking account. It further appears that at the time the property in question was purchased E. R. Biggs was worth $100,000, Lillian B. Biggs was worth more than $100,000 and that the Biggs Investment Company kept a daily balance of $25,000 to $30,000 in the checking account against which the check was drawn to pay for the property involved in this case and nobody could testify definitely from what source or funds the purchase money came. We therefore believe the trial court, under the overwhelming weight of the authorities, was justified in finding that at the time of the purchase of the property in question the separate property of Lillian B. Biggs had become so mixed and mingled with the separate property of her husband, their community estate and the funds of the Biggs Investment Company that same could not be identified as the separate property of Lillian B. Biggs. Tyler County State Bank et al. v. Shivers, Tex.Com.App., 6 S.W.2d 108, and authorities thereunder cited; and Rousseau et ux. v. Featherston et al., Tex.Civ.App., 291 S.W. 273, writ dismissed.

It also appears from the record that appellants claim in one instance that Lillian B. Biggs was the owner in fee simple title of the property in question and had been the owner of same since 1926, while in another instance appellants claim that the title to the same property was legally vested in E. R. Biggs, who was merely a trustee holding said property for his wife, Lillian B. Biggs, and in still another instance, appellants claim, as testified to by E. R. Biggs, that the said property in question was deeded by E. R. Biggs on May 1, 1940, to Lillian B. Biggs "in payment of the losses she sustained in the Biggs Investment Company," and in still another instance as testified to by Lillian B. Biggs, appellants wanted the property in question back in her name because E. R. Biggs was in financial difficulties. The record also discloses that E. R. Biggs testified by deposition taken on December 31, 1942 that he was the owner of one-half of the interest claimed in "Sections 176 and 177, Block B-2, H. & G. N. Ry. Co. Survey in Gray County, Texas," the same being a part of the property involved in this case, and that his wife was the owner of the other half of said property, while on the trial of this case he testified he was mistaken about that since he had transferred said property to his said wife in May, 1940.

Because of the inconsistent claims of appellants recited above, the uncertainty of so much of their testimony, and their failure to produce any ledger sheets or checks in support of their claims, and because of the several financial statements made by E. R. Biggs in 1938 to 1942, inclusive, showing on their faces that he was the owner of all royalties and other property therein recited, we think appellants failed to bring themselves within the exception to the general rule above cited and that the trial court was fully justified in concluding that appellants' testimony was not clear, direct, positive and not free from contradictions, inconsistencies and circumstances that may cast suspicion upon it and that the trial court therefore properly held that appellants failed to establish either legal or equitable title to the property in question in Lillian B. Biggs but that said propety was the property of E. R. Biggs, or that of himself and his wife, Lillian B. Biggs, as a community estate. We also believe the findings of the trial court should be upheld as provided in the rule cited in above case of Chapman, Commissioner of Insurance and Banking, v. First Nat. Bank of Sipe Springs et al., supra.

This is largely a fact case and the evidence was all developed before the trial court, whose findings are warranted by the record in the case and we do not feel justified in interfering with his judgment. The case has been fairly tried and, seeing no reversible error assigned, the judgment of the trial court is affirmed.