## ROBELIN v. BROOKE.

### No. 11678.

Court of Civil Appeals of Texas.
San Antonio.
April 2, 1947.

Easterling & Horkin and Jerry D'Unger, all of Corpus Christi, for appellant.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellee.

MURRAY, Justice.

This suit was instituted by Josephine Robelin, individually and as administratrix of the estate of her deceased husband, Aristeo Robelin, against John C. Brooke, for an accounting and for the value of an interest in an alleged partnership between her deceased husband and John C. Brooke.

The trial began to a jury but, at the conclusion of the evidence, the court instructed a verdict for John C. Brooke and rendered judgment that plaintiff take nothing, from which judgment Josephine Robelin, individually and as administratrix, has prosecuted this appeal.

The giving of this instructed verdict is assigned as error. John C. Brooke was called to the witness stand to testify by appellant under the adverse party rule. He testified that in 1941 he leased the Tivoli Club to Aristeo Robelin, located at 613 Waco Street, Corpus Christi, Texas. Robelin ran the club until in September, 1944, he told Brooke he wanted to give up his lease on account of poor health. Brooke took the lease over, giving Aristeo Robelin a check in the sum of $349.14, marked by the notation "Final in Full," that thereafter Aristeo Robelin left Corpus Christi and did not return until just shortly before his death on December 9, 1944. Robelin had nothing further to do with the business. Shortly before his death Robelin sent for Brooke and asked him to purchase a one-half interest that Robelin owned in a lot, the other half belonging to Brooke. Brooke purchased this one-half interest for $2,000.-00. At this time no question was raised by Aristeo Robelin about his owning any interest in the Tivoli Club. Josephine Robe-lin was present on this occasion but did not challenge this statement, although she subsequently testified in the case.

The testimony of appellee was corroborated by C. V. Canine, an accountant, called as a witness by appellant. He testified that Robelin operated the Tivoli Club for appellee. Canine made out the income tax statement. Brooke's portion of the profits was designated as "commissions" and such commissions were shown simply as a part of the operating expenses of the business. Canine further testified that Robelin never, at any time in his many conversations with Robelin, made any claim that a partnership existed between him and appellee, and never made any request that a partnership income tax return be made. After Robelin's death, Josephine Robelin signed a fiduciary income tax return as administratrix of the estate of Robelin, showing the operation of the business from January 1, 1944, to October 1, 1944, thus corroborating Brooke's statement that Robelin sold all his interest in the Tivoli Club in September, 1944.

Appellant's testimony goes no further than to state that Robelin was connected with the Tivoli Club, that she had been there only twice and saw Brooke and Robelin checking the cash register and counting the money.

C. M. Rice testified as to the value of the business, but when confronted with the admitted facts, that the business had no location except that terminable at will, and had no lease upon any equipment except that terminable at will, he testified that the business would have no value.

There are two assumed name certificates in evidence. The first, dated May 15, 1942, shows Aristeo Robelin to be the owner of the Tivoli Club, and the second, dated November 25, 1944, shows John C. Brooke to be the owner of the Tivoli Bar. The Federal and State licenses were produced showing they were changed to the name of appellee from and after October, 1944.

■ We agree with appellant that in considering a motion for a directed verdict the court must view the evidence in the record in the light most favorable to the party opposing the motion, and if upon such evidence, standing alone, a jury could

reasonably find against the moving party, then the motion should be refused. Frazier v. Hanlon Gasoline Co., Tex.Civ.App., 29 S.W.2d 461. However, we have concluded that under the evidence herein a jury could not have reasonably found against appellee.

A jury can not entirely disregard the uncontradicted testimony of an interested witness when it is strongly corroborated by cogent facts and circumstances in evidence. Bibby v. Bibby, Tex.Civ.App., 114 S.W.2d 284; Great Southern Life Insurance Company v. Dorough, Tex.Civ. App., 100 S.W.2d 772; McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722; Biggs v. Hinds, Tex.Civ.App., 177 S.W.2d 288; Myrick v. Central Texas Securities Corp., Tex.Civ.App., 122 S.W.2d 687; Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904.

The uncontradicted testimony of appellee, strongly corroborated by documentary evidence and the testimony of other witnesses, shows that Aristeo Robelin at the time of his death did not own any interest in the business known as the Tivoli Club. There is not more than a scintilla of evidence to the contrary: Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

Accordingly, the judgment of the trial court will be in all things affirmed.